# CHARLESTOWN.

SPENCE *v*. ROSE.

28  333|
40 _407|

Submitted September 11, 1886.—Decided September 18, 1886.

1. An agent, with authority to collect a note of his principal which is payable in money, has no authority to receive in payment of such note anything but money. If in such case the agent receives from the debtor notes or claims on a third party in payment of such note, that will not constitute a payment unless the claims so received are actually collected by the agent.  (p. 335.)

2. Where the evidence offered by the defendant does not tend to prove any legal defence to the action, the court on the motion of the plaintiff, should exclude it from the jury; and if it refuses to do so, this Court will reverse the judgment on account of such refusal.  (p. 336.)

*H. C. Flesher* for plaintiff in error.

No appearance for defendant in error.

SNYDER, JUDGE :

Writ of error to a judgment of the circuit court of Jackson county rendered March 10, 1884, in an action of debt brought by E. Spence against Thomas Rose.

The declaration is against three defendants: Thomas Rose, M. L. Torrence and William Torrence, and avers that these defendants executed to the plaintiff their two notes, the one for $209.00 and the other for $209.50 both dated August 12, 1874.  The defendant Rose pleaded payment and filed specifications of payment and sets-off.  The other defendants made no appearance, and as all the proceedings are between the plaintiff and the defendant Rose, only, it is probable the process was never served on the others and the action abated as to them.

The case was tried by a jury, a verdict returned for the defendant, Rose, and the action dismissed with costs to said defendant, against the plaintiff.  Before the judgment was entered the plaintiff moved the court to set aside the verdict and grant him a new trial, which motion, being overruled, the plaintiff excepted.  The record contains two bills of ex-

ceptions, the first certifying all the evidence and the second a motion to exclude the defendant's evidence.

The evidence certified shows, that the plaintiff read the two notes sued upon with certain credits endorsed on them and rested; that thereafter the defendant, Rose, offered evidence of the following facts: The notes in suit were executed for a threshing machine purchased by the defendant, Rose, M. L. Torrence and William Torrence, all of whom signed the notes; the defendant, Rose, testified that said William Torrence offered to sell him the machine claiming to be the agent of the plaintiff; that he contracted with said Torrence who represented that the notes could be paid in threshing machine accounts; that he directed said M. L. Torrence to turn over to said William Torrence accounts sufficient to pay off the notes which said William Torrence admitted to Rose had been done. M. L. Torrence testified that he turned over to William Torrence enough accounts to pay for the machine. Neither of these witnesses saw the plaintiff or had any conversation or communication with him. The said William Torrence as a witness for the defendant testified, that he contracted with his co-purchasers of the machine and in doing so he acted as the agent of the plaintiff; that the notes were taken by him and sent to the plaintiff and they were never after in his possession; that the payments endorsed on the notes were paid to him by Rose and others; he sent the same to the plaintiff and received two letters from him which he produced. These letters acknowledged the receipt of the moneys credited on the notes and urged the witness to send the balance due on the notes as soon as possible. On cross-examination this witness testified that he never had any authority from the plaintiff to receive anything but money on these notes, and that neither the defendant, Rose, or M. L. Torrence ever turned over to him any notes or accounts to pay these notes, and he never had any authority from the plaintiff to receive the same. The defendant also proved, that said William Torrence had sold other machines for the plaintiff and taken notes for same which he sent to the plaintiff and that on one occasion he had the note of one of these purchasers and collected part of the money due on it. This is the substance of all the testi-

mony offered by the defendant. The plaintiff, before offering any testimony in rebuttal, moved the court to exclude all the defendant's evidence which motion the court overruled and the plaintiff excepted.

It seems to me, that this evidence should have been excluded and that the court erred in overruling said motion. William Torrence, the alleged agent of the plaintiff, was himself one of the makers of the notes sued and a joint purchaser of the machine. He could not have legally been the agent for the seller and also one of the purchasers. But even if he had been such, he testifies that he never had any authority from the plaintiff to receive anything except money on the notes in suit. All the money that was ever paid to him was sent to the plaintiff and is credited on the notes. The only purpose of this testimony was to charge the plaintiff with the accounts turned over to William Torrence to pay the notes. The said Torrence not only testifies that he never received any accounts for such purpose, but he expressly states that he never had any authority from the plaintiff to receive them and this testimony is wholly uncontradicted, for none of the other witnesses pretend that they ever had any communication on the subject with the plaintiff. Then even if it be admitted that William Torrence was the agent of the plaintiff with full authority to collect the notes, that would not authorize him to take notes and accounts in payment of them. Where a person deals with an agent, it is his duty to ascertain the extent of the agency, and if the agent exceeds the limits of his power, his act does not bind the principal. *Curry* v. *Hale*, 15 W. Va. 867. It is well settled that, if an attorney or other agent, entrusted with the collection of notes or other claims payable in money, receives from the debtor other claims to be collected and applied in payment of the claims held by him for collection, he as to such other claims is the agent of the debtor, and unless he actually receives the money on such claims the transaction will not operate as a payment or bind the creditor. *Wiley* v. *Mahood*, 10 W. Va. 206. This doctrine is founded upon the general rule of law, that an agent can not exceed the limits of his authority, and, if he does so, his act does not bind his principal. An agent having authority to collect money,

has no authority to receive notes or accounts as money. If he does so he exceeds his authority and his principal is not bound.

In the case before us the notes are payable in money. The only defence attempted in the evidence of the defendant is, that these notes were paid in threshing notes and accounts to William Torrence, the agent of the plaintiff. There is not a particle of evidence that these notes and accounts or any part of them were ever collected. On the contrary Torrence testifies, that he never received any such claims and therefore he could not have collected them. But this evidence shows that this alleged agent was one of the purchasers of the machine and also one of the makers of the notes. It would be a rather singular transaction for the creditor to appoint his debtor his agent to collect notes of which he was one of the makers. It would be still more remarkable for this Court to sanction a transaction by which two makers of a note had dischargen the same by simply placing in the hands of the third maker accounts without any authority to do so from the creditor. Such is the substance of the defence attempted by the evidence in this case. Conceding all the defendant's evidence to be true, it entirely fails to establish or even tend to prove any defence to the action. I am therefore of opinion that the court should have sustained the plaintiff's motion and have excluded all of defendant's evidence. For this error the judgment of the circuit court must be reversed, the verdict of the jury set aside and the case remanded for a new trial.

REVERSED.    REMANDED.