# CHARLESTON.

CLARK'S COVE GUANO CO. v. APPLING.

Submitted January 14, 1890.—Decided January 30, 1890.

1. SET-OFF—UNLIQUIDATED DAMAGES.
   Unlinquidated damages can not be the subject of a set-off.

2. RECOUPMENT OF DAMAGES.
   Recoupment of damages by a defendant can not be allowed unless the right thereto grow out of the same transaction as that on which the plaintiff's case is based.

   *J. W. Harris* for plaintiff in error.

   *Watts & Ashby* for defendant in error.

BRANNON, JUDGE:

The Clark's Cove Guano Company brought an action before a justice of Greenbrier county against R. C. Appling, upon a promissory note dated August 26, 1887, given by Appling to said plaintiff for $172.25 payable October 1, 1887. The defendant pleaded payment, and filed an account of set-off for $345.00. The justice rendered a judgment against the plaintiff for defendant's costs; and upon appeal to the Circuit Court there was a verdict by a jury finding for plaintiff $172.25 as of October 1, 1887, subject to a set-off of $172.25 in favor of defendant as of same date, and the Circuit Court overruling a motion of the plaintiff for a new trial, rendered judgment that the defendant recover of the plaintiff and its surety in appeal-bond his costs in both courts. The plaintiff sued out this writ of error.

The debt of the plaintiff is established by the note. The only question in the case is whether the defendant is entitled to the set-off which he claims. His demand under this head is to be determined on the following facts:  He had been

agent of the plaintiff for the sale of fertilizers, and, on settlement of his account for the season of 1886–87, was indebted to the plaintiff $172.25, and for it gave the note aforesaid. The plaintiff appointed Appling its agent for the sale of fertilizers for the season of 1887–88, by a writing accepted by him, which provided that the fertilizers should be shipped to him, in such quantities as the company might approve, for sale on commission, for the company account, and the same should be subject to its order at any time until sold. The defendant agreed to keep a correct account of all sales, remit the proceeds of all cash-sales as soon as collected, and close all time-sales by notes of purchasers, and forward such notes by November 1, 1887. In case the agent could not send notes, he was to give his own notes to complete settlement, if the company required it. The payment of the commissions fixed by the contract should be made when its terms should be fully complied with by the agent; and the agent guarantied payment of sales made by him, and agreed to keep all goods protected from weather and from loss, waste, or injury, until sold and delivered to purchasers. The defendant's account for $345.00 is for fertilizers which he contracted to deliver to his sub-agents, except $12.00 for a small quantity he sold to Bruffy; and those sub-agents were to sell and receive half the commissions which Appling was to receive. Some of these sub-agents reported to him that they had made sales. The company failed to furnish such fertilizers to him or his sub-agents, and Appling stated in his evidence that, at a good deal of trouble, he had to supply said sub-agents from other sources; that his commissions would have netted him three dollars per ton. He stated that the arrangements with said sub-agents had been made, for the most part, before the execution of said note, and that when he delivered the note to one Sams, who was plaintiff's agent, he informed him of what he had done, and Sams told him it was all right, and to go on and make all the sales he could. The authority of said Sams, or its extent, is not shown.

We are of the opinion that the claim of the defendant can not be allowed as a set-off, because it is unliquidated. His claim is that he was damnified by the failure of the company to furnish him the fertilizers to be by him sold, and thus

defeated him of his commissions, and put him to trouble and expense in procuring such fertilizers elsewhere to meet his engagements. It is only a demand for damages for breach of the contract. He can not claim a specific amount as for commissions on sales; for no fertilizers were delivered to him, and no sales of the plaintiff's fertilizers were made. As for any trouble or expense incident to procuring elsewhere the fertilizers which Appling agreed to deliver to sub-agents, the evidence fixes no amount, and the claim is in its nature uncertain, and undefined as to its amount. The mere fact, that Appling might be entitled to recover something in an action for damages for breach of the contract, does not entitle him to a set-off; for a set-off must be a debt, not unliquidated damages. 5 Rob. Pr. 964; Wat. Set-Off, 333; 7 Wait. Act. & Def. 481. As, for reasons just stated, we think such alleged damages can not be allowed as a set-off, this claim is not cognizable in this suit; and we are not to be understood as indicating any opinion as to whether he could or could not recover such damages in another action.

The defendant's claim can not be sustained under the law of recoupment, because his demand for damages for the company's failure to perform the contract grows out of the contract of agency for the season of 1887–88, whereas the plaintiff's demand rests on the note, and that was given under a prior agency for a former season, the terms of which we know nothing of, and closed that matter entirely. The two transactions are separate and distinct, and therefore the principle of recoupment does not apply. The right to recoupment must grow out of the same transaction on which the plaintiff's claim is founded. Wat. Set-Off, §§ 475, 476; *Logie v. Black*, 24 W. Va. 1.

The judgment of the Circuit Court is reversed with costs to appellant, the verdict of the jury is set aside, and a new trial awarded; and the cause is remanded to the said Circuit Court for such trial.

REVERSED.    REMANDED.