# CHARLESTON.

### DAVIS v. BAKER *et al.*

### Submitted Sep. 10, 1898—Decided Dec. 3, 1898

1.  DEPUTY SHERIFF—*Bond—Contracts—Sheriff.*
    In an action of debt upon a bond executed by a deputy sheriff to his principal, which bond, on its face, as a part of the condition, recites that said deputy is to act as such during the term of said sheriff's office, which bond is accepted by such sheriff, and such deputy proceeds to perform the duties of his office under said bond, and continues to perform said duties during the entire term of said sheriff's office, said bond must be considered as a contract between said sheriff and his deputy.   (p. 458).

2.  DEPUTY SHERIFF—*Bond—Compensation—Set-Off.*
    Where such action is predicated on a claim that the defendant has failed to comply with the conditions of his bond by paying over and accounting for all money which may come into his hands by virtue of his office, the defendant may prove and have allowed as a set-off against said claim, such amount as he may be entitled to for his service as such deputy, if the same are set forth and described in the bill of particulars filed with his plea. (p. 459).

3.  DEPUTY SHERIFF—*Sheriff—Compensation.*
    If the sheriff, during his term of office, and after said deputy has served two years, relieves him of a portion of the duties originally assigned to him, against his protest, but does not remove him, and no change is then made as to the original agreement for compensation, the fact that the labors of such deputy are thus diminished will not necessarily reduce his compensation.   (p. 458).

4.  DEPUTY SHERIFF—*Compensation—Breach of Bond.*
    If it appears from the evidence that such deputy, during the four years of his service, performed the portion of the duties of

the office of sheriff of Jefferson County which he contracted to do, for the compensation he was to receive under the original agreement, by retaining his pay for such services out of money collected by him, he committed no breach of the conditions of his bond, as he in this manner, accounted for the money that came into his hands.   (p. 459).

5.   STATUTE OF FRAUDS—*Deputy Sheriff*.
    The statute of frauds does not apply, under the circumstances of this case, to defeat the claim of the defendant for his services. (p  458).

Error to Circuit Court, Jefferson County.

Action by Albert F. Davis against Eugene Baker and another.   From a judgment for plaintiff, defendants bring error.

*Reversed.*

GEORGE BAYLOR, for plaintiffs in error.
FOREST W. BROWN, for defendant in error.

ENGLISH, JUDGE:

Albert F. Davis brought an action of debt against Eugene Baker and W. A. Morgan in the circuit court of Jefferson County, returnable to April rules, 1896, on a bond executed by said Baker to him as deputy sheriff, with said Morgan as his security.   The defendant Baker craved oyer of the bond, and pleaded conditions performed and conditions not broken, and set-off, and filed with his last-named plea his bill of particulars of set-off, to which pleas the plaintiff replied generally.   Defendant pleaded payment, and issue was joined thereon.   Defendant also gave notice to plaintiff that on the trial he would offer, in recoupment of plaintiff's claim, evidence sustaining the items contained in said bill of particulars of set-off.   A jury was waived, and the case submitted to the court upon the issues joined; and the court, having heard the evidence, found for the plaintiff, and assessed his damages at one thousand five hundred and thirty-one dollars and fifty-eight cents, with interest from June 2, 1897.   The defendant moved the court for a new trial, and in arrest of judgment, which motion was overruled.   Now, the bond sued on was a private bond, and the gist of the action is the

breach of the condition; in other words, in order that the plaintiff should recover in this case, it was incumbent on him to show that the defendant did not faithfully discharge and perform the duties of said office of deputy sheriff during his continuance therein according to law, and pay over and account for all money which might come into his hands, and make settlements of his actions as such deputy, as was required by law for sheriffs to make, or whenever required to do so by said Davis, and make a final settlement of all his actions within two years from the expiration of said term of said office. The controversy in this case arose from the following facts: The plaintiff, Davis, was sheriff of Jefferson County, and by arrangement and agreement between him and his deputies, the work of the shrievalty of the county was apportioned between them and him in the the same manner as it had been apportioned by the former sheriff. The defendant by this agreement was to perform the work in Charlestown and Middleway, and, as compensation, was to receive one-third of the commission. Under this arrangement the defendant acted as deputy for the plaintiff for two years, performing the duties required of him in said two districts, and receiving the compensation agreed upon. At the end of that time the plaintiff took from defendant the books of Charlestown district, leaving him only the books of Middleway district, against which action on the part of said Davis the defendant protested. Said defendant continued to ride and perform the duties of deputy sheriff in Middleway district until the end of the term.

At the time the books of Charlestown district were taken away from defendant, nothing was said about changing the original contract. This is shown both by the testimony of plaintiff and defendant. When the defendant Baker paid over to plaintiff the money remaining in his hands at the end of the term, he retained his commissions which he claimed to be entitled to under the original agreement, and paid the plaintiff the balance. If the defendnts was entitled to do this he committed no breach of his bond. In the case of *Jackson* v. *Hopkins*, 92 Va., 601, (24 S. E. 234), it was held that, "in an action on a bond with collatteral condition, the break of the condition is the gist of the

action, for without the breach there is no cause of action."
Was the defendant entitled to retain the pay for his services
under the original agreement? No one questions the right
of the sheriff to remove his deputies, but that was not done in
this case. The plaintiff, in his testimony, says the defend-
ant rode two districts for two years, and then he told him
he could take Middleway district; that defendant protested
against it, but nothing was said about commission, and
not one word about changing the original contract. De-
fendant continued to act as deputy. The plaintiff only
gave him less labor to perform for the last two years.
Counsel for the plaintiff claims that the defendant's con-
tract was void, under the statute of frauds, because it was
a verbal one, which could not be performed according to
the intent of the parties within a year from the time of
making. This statute, it seems to me, has no application
to this case. Here a bond was sued on, with a collateral
condition. It was executed by the defendant, and ac-
cepted by the plaintiff. By accepting it, the plaintiff
adopted it as his contract. See 2 Am. & Eng. Enc. Law
(1st Ed.) p. 460, where the law is thus stated: "It is es-
sential to the validity of a bond that it be accepted by the
grantee. There is no delivery without acceptance." It
appears on the face of the bond sued on that the defend-
ant Baker was appointed as one of the plaintiff's deputies,
to act during his term of office, for four years, and the
same is averred in the declaration; and it does not appear
that he was ever removed as such deputy by the plaintiff.
It was, then, a part of the contract between plaintiff and
defendant that defendant was to serve as such deputy for
four years, and, while it is true the plaintiff had the power
to discharge him, he never exercised that power. Baker,
then, acted as such deputy under this contract, his work
and the compensation therefor being fixed by verbal agree-
ment. Thus, the duration of the performance of his ser-
vices was fixed by the bond, and the value of the services
and their compensation by verbal agreement. It is shown
by the evidence that said Baker for the years 1889-90 col-
lected three-sixths of the county and state levies, or one-
sixth each year more than he was required to do under his
contract; so that although he was only allowed to collect

one-sixth each year for 1891 and 1892, yet during the entire four years collected at the rate of one-third each year, —that is, performed the work that would entitle him to full pay under his contract, so that on the *quantum meruit* he was entitled to the amount he retained for his services.

A question is raised on the argument as to whether he would be entitled to set off his claim because the same was unliquidated. I cannot think there is anything in this objection, for the reason that the account claimed as a set-off grows out of the same transaction. In the case of *De Forrest* v. *Oder*, 42 Ill., 500, it was held that unliquidated damages which do not grow out of the contract or cause of action sued upon are not a proper subject of set-off. They must grow out of the transaction upon which the suit is brought. The claim asserted in this plea of set-off certainly grows out of the transaction upon which the suit was brought. Again, our statute is very liberal in its provisions on this question. Code, p. 812, c. 126, s. 4, provides that "in a suit for any debt the defendant may at the trial prove and have allowed against such debt, any payment or set-off which is so described in his plea or in an account filed therewith as to give the plaintiff notice of its nature but not otherwise." This provision seems to have been fully complied with in this case. The plaintiff insists that the defense should not prevail, because the money in defendant's hands was the proceeds of taxes, and cites the case of *Miller* v. *Wisner*, 30 S. E. 237, lately decided by this Court, which merely holds that a party owing taxes cannot set off his private demand against the sheriff in payment thereof, and does not apply. When we look again to the facts of this case, it is apparent that the contract between the plaintiff and said Baker was not terminated by his discharge or removal, the only thing done being to relieve him of a part of his duties he was required to perform. What motive actuated plaintiff in taking this step, we cannot say. It may have been that he was not satisfied with the manner in which he was accounting for the collections placed in his hands; but, if so, why did he still allow him to collect in Middleway district? It may have been that he was aware that the defendant had performed more than his proportion of the work during the

years 1889-90, and it may have been that he wanted to give his son employment. But, let the motive be what it may, the defendant protested against his labor being reduced, and signified his willingness to continue. It appearing from the evidence that, at the time the books of Charlestown district were taken from the defendant, no change was made in the contract in regard to compensation for services, and it further appearing that, taking the entire four years of the sheriff's term into consideration, the defendant performed one-third of the services, I hold that the court erred in overruling the motion of the defendant for a new trial. The judgment is therefore reversed, the finding of the court set aside, and a new trial awarded.

<i>Reversed.</i>