# CHARLESTON.

## FAIRBANKS, MORSE & CO. v. BRECKINRIDGE.

Submitted May 6, 1919.  Decided May 13, 1919.

1. SET-OFF AND COUNTERCLAIM.—*Unliquidated Damages.*

   Unliquidated damages cannot be set off against the debt sued for unless they arise out of a breach of the contract sued on. (p. 233).

2. TRIAL—*Exclusion of Evidence.*

   When the evidence offered by the defendant does not tend to prove any legal defense to the action the court may on motion properly exclude it from the jury.  (p. 234).

3. SALES—*Action for Price—Contract—Construction.*

   A contract involves not only obligation, but agreement; and while a contract may be implied from actions and conduct, these must amount to clear evidence from which the law may properly imply a contract.  (p. 233).

Error to Circuit Court, Nicholas County.

Action by Fairbanks, Morse & Co. against A. N. Breckinridge.  Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*G. G. Duff, Brown & Eddy* and *Alderson & Breckinridge,* for plaintiff in error.

*Conley & Johnson* and *F. B. Morgan,* for defendant in error.

MILLER, PRESIDENT:

This action, begun before a justice, was upon two notes executed by defendant to plaintiff on August 15, 1916, at sixty days and four months, for $62.50 each, given in settlement for a pumping outfit for his dwelling house.

On the trial, on appeal by defendant from the judgment of the justice against him for the full amount of the notes, he was permitted to file in addition to his general denial his notice of recoupment in damages and set-off, setting forth some five items of damages, which notice on objection of

plaintiff the justice rejected. The result on appeal was a verdict and judgment for plaintiff for $108.10 with interest and costs.

It is apparent from the record that the jury arrived at their verdict by charging defendant with the notes and accrued interest and crediting him with $23.40, the amount of his check of December 16, 1916, made to plaintiff for certain parts of the pumping outfit needed to replace those burst by freezing due to the negligence of defendant in failing to protect the pump against weather conditions. The notes and the execution of them by defendant, and that they were past due and unpaid at the date defendant gave his order and made his check for the new parts, were fully proven and not controverted.

The first item in defendant's notice of recoupment and set-off, described at length, is predicated on the theory that it was a part of the original contract for the outfit, express or implied, that plaintiff would at all times and unconditionally furnished defendant with new parts, which contract it had broken by accepting his order and check for $23.40 and failing to ship the parts ordered, and that by reason thereof he was damaged the price or value of a new pump, which he places at $68.00. The second item was $24.00 paid out in an effort to repair the pump, based on the failure of plaintiff to furnish the new parts ordered. The third item was for $21.00, paid for extra labor in repairing the broken pump, caused by the failure of plaintiff to supply said parts. The fourth item was for $21.00, paid out for extra labor and work during the time said pump was out of repair, because of plaintiff's failure to furnish new parts ordered. The fifth and last item of damage was for $50.00, damages for alleged inconveniences suffered by defendant and his family at his dwelling house, for want of the parts ordered.

At the conclusion of the trial, on motion of the plaintiff the court struck out all of defendant's evidence offered in support of any of these items except the first; and this is the first point of error urged against the judgment. In this ruling the court committed no error to the prejudice of de-

fendant. If any error was committed, it was in not sustaining the motion as to the first item also; but the latter is not a question now presented. The last four items in the notice were based on the theory that it was not only a part of the original agreement that plaintiff would furnish when required new parts for the machine sold, but also upon the theory that defendant was entitled to offset against his notes damages sustained by plaintiff's failure to furnish the parts upon his special order therefor. The first claim was not supported by any appreciable evidence. Indeed a letter from defendant to plaintiff during the subsequent negotiations for the new parts distinctly stated that the contract for these parts had nothing to do with the original contract, wherefore plaintiff had no right to hold back and refuse to deliver the parts ordered, except upon conditions of payment of the notes sued on. Defendant's evidence on the question whether it was a part of the original contract that plaintiff would furnish new parts amounts to nothing more than his recollection of loose conversation between him and plaintiff's agent with whom he dealt, to the effect that plaintiff was the manufacturer of the machine and could furnish new parts, not that it agreed to do so. The evidence showed that plaintiff had trouble with defendant in getting a settlement for the original price of the machine, and in compromise had accepted the notes sued on in part payment. Nothing is better settled in the law than that unliquidated damages cannot be offset against a debt unless arising out of the same contract, and it is not sufficient that the damage claimed may have some relation to the subject matter of the original contract. To be availing the damages must have been the direct result of the breach of the contract sued on. *Dodge* v. *Brown & Hill,* 74 W. Va. 466; *Clark's Cove Guano Co.* v. *Appling,* 33 W. Va. 470; *Ashland Coal & Coke Co.* v. *Hull Coal & Coke Corporation,* 67 W. Va. 503; *Logie* v. *Black,* 24 W. Va. 1, 19; *Dillon Beebe's Son* v. *Eakle,* 43 W. Va. 502.

And justifying the particular ruling of the trial court complained of, our decisions say that where the evidence offered by defendant does not tend to prove any legal defense

to the action, the court on motion of plaintiff should exclude it. *Spence v. Rose,* 28 W Va. 333. And this is the law applicable alike to either party having the burden of making out his cause of action or defense. *Butcher* v. *Sommerville,* 67 W. Va. 261; *Wandling v. Straw and Morton,* 25 W. Va. 692.

Defendant also complains of the refusal of the court to give to the jury his instruction number three. By this instruction he assumed the fact not proven that it was a part of plaintiff's original contract to furnish defendant with new parts, and the court was asked to tell the jury as a matter of law that he was entitled to recoup against his notes such damages as the jury should find from the evidence he had suffered by plaintiff's alleged breach, and that the measure of his damages was such reasonable amount as the jury should find he had reasonably expended in an effort to render said pumping system serviceable and such outlay as he was required to make by reason of his inability to use said water plant, from the time plaintiff in due course after receipt of his order should have delivered such parts to him to the time defendant could after receiving notice of plaintiff's refusal have obtained a new pump of like grade and capacity, and in addition thereto the price of a new pump whether actually purchased by him or not. Clearly the court committed no error in refusing this instruction; first, because there was no appreciable evidence to support the theory thereof. We hold there was no evidence justifying the conclusion that the original contract included an agreement to supply the new parts. Defendant here resorts to the theory of an implied contract. We find none of the elements of an implied contract. If there was no express contract, we cannot see how either the acts, conduct or relationship of the parties would imply a contract on the part of plaintiff to supply defendant new parts for the machinery sold him. If so, for how long a time, and upon what terms and conditions? All contracts whether express or implied, must contain the elements of a contract. Implied contracts differ in no respects from other contracts involving agreement, except in

the evidence of the agreement. As an illustration, if a person takes goods of another, with or without the other's consent, the law implies a promise to pay for them. This amounts to no more than that his conduct proves his agreement to pay for the goods. The conduct is evidence of intention to pay. An able text writer says such contracts are more properly called "quasi contracts", and are contracts made by law, and not by the parties. Clark on Contracts, pp. 6, 27, 752. He says, every true contract involves not only obligation, but agreement. If there is no agreement there can be no contract. The cases cited by counsel for defendant are good illustrations of implied contracts; one a suit for services rendered on an implied contract to pay what the services were reasonably worth, the other involving gravel taken from another's land and the implied agreement to pay the owner what it was worth. We have no case of conduct on the part of plaintiff from which an agreement could be implied to furnish new parts of a machine sold. If defendant should purchase an automobile, would the fact of his purchase imply a contract on the part of the manufacturer to supply new parts? He could reasonably rest assured without contract that so long as the manufacturer continued to make the parts, he could obtain them; but without an express contract, upon what principle could the manufacturer be held liable for not doing so? The theory of an implied or quasi contract will not do. There is nothing in the fact of sale and purchase evidencing any such agreement or intention on the part of the seller. The court gave defendant's instruction number four to the effect that if the jury found it was a part of the original contract that plaintiff should furnish the new parts, defendant was entitled to recoup in damages against his notes the value of a new pump not to exceed the sum of $68.00, as proven by the evidence. But the jury evidently concluded that there was no evidence to support the theory of the instruction and refused to allow even this claim. So defendant in this way obtained the verdict of the jury as to what was included in the original contract.

Lastly, it is complained that the court gave plaintiff's instructions numbers one and three. The first related to the burden upon defendant to establish his defense of recoupment and counter claim, and correctly propounded the law on this question. As to number three, it simply told the jury that unless they found that at the time of the sale plaintiff expressly or impliedly agreed to supply defendant with new parts, it was under no obligation to do so simply because defendant had made an order therefor and accompanied the same with his check in payment. Of course the instruction meant no legal obligation under the contract sued on, or that could furnish foundation for recoupment of damages against the notes of defendant. As there was no evidence supporting the contention that furnishing of the parts was covered by the original contract, defendant could not have been prejudiced.

We observe that plaintiff did finally ship the parts ordered to their representative and notified defendant that they would be delivered through him upon condition of his payment of his past due notes, but defendant would not receive them on this condition and by his correspondence seems to have preferred a law suit and an adjudication of his legal rights.

Our conclusion is to affirm the judgment.

*Affirmed.*