# CHARLESTON.

Van Raalte Company *v.* Solof Brothers Company

Submitted September 7, 1921.   Decided September 20, 1921.

1.   Set-Off and Counterclaim—*Defendant Cannot Set off Unliquidated Damage Claim Arising from Different Transactions.*

     The general rule in this state as elsewhere, unless controlled by statute, is that a defendant in an action at law cannot set off against plaintiff's demand a claim for unliquidated damages arising out of a different transaction than the one sued on.   (p. 67).

2.   Same—*Difference Between Contract Price and That Paid on Seller's Breach is Not "Liquidated Demand" and Cannot be Set Off Against Seller's Demand for Price of Other Goods.*

     A claim of defendant for the difference between the contract price of goods sold but not delivered to him by the plaintiff and the price paid by him in the open market for like goods to take their place, is not under the rule of our decisions a liquidated demand provable as a set-off against plaintiff's demand for the price of other goods actually sold and delivered to him.   (p. 68).

3.   Same—*Plea that Plaintiff is a Non-resident Will Not Support Equitable Set Off of Liquidated Damages Against a Demand in Another Transaction.*

     An averment in a plea that plaintiff is a non-resident of the state and that process in an action  against him on an unliquidated demand can not be served upon him here, will not in law support a plea of equitable set-off of such unliquidated damages against plaintiff.   (p. 69).

(Lynch, Judge, absent.) .

Case Certified from Circuit Court, Cabell County.

Action in assumpsit for goods sold by the Van Raalte Company against the Solof Brothers Company.    Plea of set-off stricken, and case certified.

*Affirmed.*

*Simms & Staker,* for plaintiff.

*Vinson, Thompson, Meek & Renshaw,* for defendants.

Miller, Judge:

In an action of assumpsit for the value of goods sold, the defendants sought by plea  to off-set two counter claims  for damages for alleged breaches of plaintiff's contracts to sell and deliver to defendants at prices stipulated in the contracts certain other goods which, because of such breaches, they had been obliged to purchase in the market  at higher prices, whereby they were damaged to an amount largely in excess of plaintiff's demand against them.    It is not alleged in the plea that these counter claims arose out of the same transaction on which plaintiff sued, nor that plaintiff is insolvent, but the sole ground for equitable relief is that plaintiff is a nonresident corporation and that, for that reason, service of process can not be had upon it in this state.

The question certified is whether the plea presents a good defense of set-off to plaintiff's demand.    The circuit court ruled that it did not, and struck out the plea.

We think the court was clearly right.    Defendants' counsel concede it to be well settled in this state and everywhere in general, unless a different rule has been established  by statute, that a defendant in an action at law can not have set-off against the plaintiff's demand a claim for unliquidated damages arising out of a different transaction than that sued on.    Our decisions on this proposition are numerous. *Clark's Cove Guano Co.* v. *Appling,* 33 W. Va. 470; *Case Mfg. Co.* v. *Sweeny,* 47 W. Va. 638; *Ashland Coal & Coke Co.* v. *Hull Coal & Coke Corp.,* 67 W. Va. 503; *Dodge* v. *Brown,* 74 W. Va. 466; *J. C. Orrick & Sons Co.* v. *Dawson,* 67 W. Va. 403; *Cook Pottery Co.* v. *Parker,* 86 W. Va. 580; *Fairbanks* v. *Breckenridge,* 84 W. Va. 233.

The principal question presented by the plea is whether it amounts to a liquidated demand upon which an action of indebitatus assumpsit would lie, and provable as a set-off, or constitutes an unliquidated claim for uncertain damages for which no exact measure thereof can be applied.      As said, the claim does not arise out of the same transaction as that sued on, but if the claim of defendants and the amount thereof is susceptible of accurate ascertainment, it might be interposed as defendants' plea undertakes to do by way of set-off.      The plea says defendants were compelled to go into the market and buy goods to take the places of parts of the several lots contracted for, and were obliged to pay prices in excess of the price stipulated in the contract.      In the recent case of *Richardson Const. Co.* v. *Whiting Lumber Co.,* 116 Va. 490, the Virginia court would seem to have allowed a plea of set-off similar to the one involved here, on the theory that the damages claimed were susceptible of definite ascertainment.      We do not think this decision is in accord with our own, nor with the weight of authority, nor with prior decisions of the Virginia court.      In *Christian* v. *Miller,* 3 Leigh 78, an action on a bond which included the price   of corn, a claim of the same character—damages for failure to deliver the corn—the right of set-off was denied. ·  Judge Tucker defined the character of the claim in that case as strictly one for un-liquidated damages and not a proper subject of set-off.      In *Pottery Co.* v. *Parker, supra,* we held that a demand for rent or royalty for the right to manufacture an article, and the rent or royalty was fixed by contract, constituted a liquidated demand which might be set off against defendant's notes, the plea alleging that the quantity manufactured, at the rate specified, was sufficient to have aggregated the sum sued for; but that the plea in that case claiming damages for the difference between the price at which it was averred the defendant agreed to manufacture and sell the goods and the price at which plaintiff sold them to others, being unascertainable by any facts alleged or by any known method of calculation, did not constitute a good plea of set-off.      In *J. C. Orrick & Son Co.* v. *Dawson, supra,* one of

the questions was whether defendant, in an action by plaintiff for a lot of cans sold him, could recoup damages for plaintiff's alleged failure to make and pay for certain canned goods sold it, defendant's claim not arising out of the same transaction as that sued on; and it was held that defendant's claim was not a proper subject for recoupment.

But does the fact alleged, that the plaintiff is a non-resident, and service in this state can not be executed upon it, give ground for relief, as defendants aver? Defendants' counsel contend that this fact constitutes good ground for equitable relief, aside from the ground of insolvency or any other equitable ground. The only authorities offered for this contention are *Ewing-Merkle Elect. Co.* v. *Lewisville Light & Water Co.,* 92 Ark. 594, 30 L. R. A. (N. S.) 21; and a note to L. R. A. 1918B, p. 425. In Arkansas the same form of action applies to both law and equity cases. There the defendant interposed a cross-bill, alleging the non-residence of plaintiff as ground for relief in equity, and the defense was sustained. As the note in that case, 30 L. R. A. (N. S.) p. 21, will show, the authorities are in conflict as to whether non-residence of the plaintiff is a good ground for equitable relief. We need not go into this question, for we are in a court of law, and in no case cited or examined have we found that such equitable rights have been enforced in an action at law.

We affirm the ruling of the circuit court.

*Affirmed.*