# CHARLESTON.

AMERICAN SUGAR REFINING Co. *v.* MARTIN-NELLY GROCERY Co.

Submitted April 4, 1922.    Decided April 11, 1922.

1.  SALES—*Special Plea to Declaration Setting Up Defense of Rescission Held Not a Plea for Damages for Breach of Warranty of Goods.*

    A special plea to a declaration upon accepted drafts given as a payment for merchandise purchased and delivered which pleads as a defense a rescission of the contract of sale and tenders a return of the goods purchased, and asks for a return of the purchase price and cancellation of the accepted drafts sued on, cannot be considered as a plea for damages arising out of a breach of warranty of the goods, although such damages equal to the purchase price are therein claimed. (p. 732).

2. SAME—*Where Sale is Executed Buyer Cannot Rescind for Breach of Quality, Warranty in Absence of Fraud or Agreement to Rescind.*

Where a sale of goods is executed the purchaser cannot rescind merely because of a breach of warranty in the quality of the goods, in the absence of fraud or an agreement to rescind. (p. 732).

3. SAME—*Buyer Having Paid Part After Objecting to Quality of Goods and Notifying of Rescission But Not Returning Goods May Not Plead Rescission.*

Where sugar in bags has been purchased upon a warranty of quality and the purchaser receives the shipment from the carrier on September 21, and places it in his warehouse, and, relying upon the warranty, nine days later in payment therefor executes and delivers to the seller trade acceptances payable in 30, 60 and 90 days from date, and on the 5th of October, following, inspects the sugar, and notifies the seller that the sugar is not the kind and quality purchased, and that he rescinds the contract for that reason, but does not return the shipment, and on the 30th of October makes payment of the first trade acceptance then due, relying upon the warranty, or some adjustment, he cannot successfully set up a rescission of the contract in a suit by the seller to recover upon the remaining unpaid acceptances; and a plea of rescission, setting up such facts, should be rejected. (p. 734).

4. SAME—*Contract Must be Rescinded in Toto and Not in Part.*

A contract must be rescinded in toto, it cannot be rescinded in part. (p. 736).

5. SET-OFF AND COUNTERCLAIM— *Unliquidated Damages for Breach of Warranty Cannot be set up Against Liquidated Demand in Another Transaction.*

Damages, in order to be a proper set-off to a legal demand, must be liquidated. And where goods have been received by a purchaser, paid for in full, a portion sold, and damages for a breach of warranty are sought to be recovered from the seller by way of set-off to a debt contracted in a subsequent and different transaction, the measure of damage is the difference between the value of the goods as warranted and the actual value as and when received. Such damages are unliquidated and cannot be off-set against the liquidated demand. (p. 736).

Certified from Circuit Court, Wood County.

90 W. Va.

Action by American Sugar Refining Company against Martin-Nelly Grocery Company. A ruling of the circuit court refusing to strike special plea was certified for review.

*Reversed and certified back.*

Smith D. Turner, for plaintiff.
Ambler, McCluer & Ambler, for defendant.

LIVELY, JUDGE:

The ruling of the circuit court in refusing to strike special pleas numbered 3 and 4 and permitting them to be filed over the objection of plaintiff is certified for review.

Plaintiff, a manufacturer and wholesale dealer in sugar, sold to defendant, a wholesale grocery company, several shipments of sugar. The declaration contained the common counts in assumpsit and three special counts. Special counts Nos. 1 and 2 are upon trade acceptances, the first for $3,-012.61, drawn by plaintiff on defendant, dated September 30, 1920 and accepted by the latter, payable on November 30, 1920; and the other for a like sum payable December 30, 1920. The third count is for 80,400 lbs. of extra fine granulated sugar at 22 1-2 cents per lb. f. o. b. New York, delivered to and accepted by defendant, including $354.56 freight.

Special plea No. 3 relates to the consideration for the trade acceptances and alleges that prior to September 14, 1920 plaintiff agreed to sell and deliver to defendant 402 bags of sugar warranted to be extra fine granulated, which meant ''white in color, regular in granulation, free from caking and not powdered'', for 22.941 cents per pound, or $9,222.28, which sugar was received by defendant on September 21, 1920, and, relying upon the warranty, it paid for the same on September 30 by accepting three drafts, or trade acceptances, each for the sum of $3,012.61 and payable in 30, 60 and 90 days; that afterwards, and within a reasonable time, on October 5, following, it discovered that the sugar was not as warranted and immediately notified plaintiff that it refused to accept and rejected the sugar and requested plaintiff to take it back or direct disposition of it; that on October 30 it paid the first draft then matured

"In the expectation and belief that plaintiff would make adjustment covering the entire subject, by return of the sugar, and cancellation of the drafts, or in some other manner", but plaintiff afterwards denied the right of defendant to reject or return the sugar, refused to cancel the drafts, refused to deliver to defendant the kind and quality of sugar agreed to be sold, and that therefore the consideration for the drafts wholly failed, whereby defendant has sustained damages to the amount of the purchase price, represented by the drafts, $9,222.28, and is willing to offset the sum of $6,025.22 against the drafts sued on and is entitled to recover the amount of the draft paid, $3,012.61, and tenders delivery of all of the 402 bags of sugar to plaintiff, or its order. What is this plea? It is marked plea "No. 3. Failure of Consideration". It sets out facts on which it relies for a rescission of the contract. It asks for recovery of the money paid, cancellation of the drafts for the balance, and proffers a return of the sugar, on the ground that it is not the article bought, a breach of the warranty. A return of the money paid, cancellation of the acceptances outstanding, and return of the entire shipment would be a complete rescission of the contract. This is evidently what is intended as the defense. Defendant claims to have rescinded the contract on October 5, within a reasonable time for inspection after it received the goods, and then refused to accept them and so notified plaintiff, and yet it avers that twenty-five days after it had so rescinded, it paid one-third of the price of the goods, relying upon the warranty, or upon some adjustment covering the entire subject, by return of the sugar, cancellation of the drafts, "or in some other manner". Can we consider it as a plea of set-off for a breach of warranty? If there was a rescission there was no contract and therefore no breach. The defenses, rescission and breach of warranty, are inconsistent, and ought not to be set up in the same plea. The contract cannot be rescinded for breach of the warranty. The contract was not severable, was executed, the title and possession passed, the goods were paid for by the accepted drafts and later, and after discovery of a breach of the implied warranty, partial payment was made. We think that

90 W. Va.

under such facts there could be no rescission, and consequently the plea setting up rescission is bad. *Ellison* v. *Grocery Co.,* 69 W. Va. 380; Mechem on Sales, sec. 816. We seem to be committed to the principle followed by the English courts, that an executed sale cannot be rescinded for a breach of warranty, unaccompanied by fraud, or an agreement to rescind. *Manufacturing Co.* v. *Pipe Co.,* 74 W. Va. 228. Coupled with the unexplained delay in making inspection from date of receiving the goods, September 1st to October 5th, is part payment twenty-five days after discovery of breach of warranty. Unexplained delay in making inspection after receipt of the article sold has been held to be fatal to the right to rescind. *Noble* v. *Burvell,* 96 Me. 73. The right of inspection in sales of this character is always accorded to the buyer, but it must be asserted within a reasonable time after the goods are delivered, and if he takes possession with full opportunity of inspection, and afterwards exercises dominion over the goods, makes payment in cash or by note or like obligation, he will be deemed to have waived his right of inspection, and to have relied upon the warranty. "According to the view taken in most cases after the buyer under an executory contract of sale has had an opportunity to examine the article, and accepts it, as fulfilling the contract, he is concluded by such acceptance and cannot, in the absence of fraud or express warranty, allege its defective quality. Thus, "acceptance after inspection or fair opportunity to inspect it, of wheat furnished under a contract for wheat of a certain grade, precludes the' buyer from denying that the contract was satisfied." 23 R. C. L. p. 1439, sec. 264. The plea says that relying upon the warranties and description of the sugar, the three acceptances were made on September 30, which was nine days after it had received the sugar in its warehouse. It had ample time for inspection. The fact that the sugar was in bags does not preclude inspection or relieve from the duty to inspect. *Proctor* v. *Spratty,* 78 Va. 524. It is well settled in this State that where the contract is executed, and warranty is relied upon, rescission cannot be had. *Ellison* v. *Grocery Co., supra; Mfg. Co.* v. *Pipe Co., supra.* The plea being one setting up rescission,

cannot be good as a plea for breach of warranty. If there was a rescission, then there was no contract in existence. and there could be no breach of a contract not in existence. We do not mean to say that the case is not such that a proper plea of a breach of warranty may not be filed, containing the proper averments of resulting damages.

Can this plea be considered as a notice of recoupment to the acceptances sued on? Recoupment in its nature acknowledges the contract, the acceptance of the goods purchased, and demands an abatement of the purchase price to the amount of damages sustained by a breach of the warranty. The plea asks for recovery of $3,012.61, the amount of the accepted draft paid October 30, 1920, above the amount of the two drafts sued on. A recovery over in excess of the sum sued for cannot be had under recoupment. *Ohio River Contract Co.* v. *Smith,* 76 W. Va., 503. Damages may be recouped under the general issue but notice thereof must be given that on the trial defendant will claim to have such damages recouped. Such notice is required to prevent surprise and also to show, if a subsequent suit be brought by defendant against plaintiff, that in fact the damages claimed were really recouped in the first suit. *Sterling Organ Co.* v. *House,* 25 W. Va. 64; *Powell* v. *Love,* 36 W. Va. 96. It is argued that this plea should be treated as a notice of recoupment under *Myers* v *.Cook,* 87 W. Va. 265. In that case the trial was had with the two special pleas filed, one for injury by misrepresentation and the other for loss of a substantial part of the consideration of the notes sued on, and evidence was introduced under them without objection. The parties and the court treated the pleas as such notices and there was no surprise. Here objection is made to the filing of this plea. Its sufficiency is questioned as a pleading before trial. We do not think *Myers* v. *Cook* is authority for holding this plea No. 3 good as a notice of recoupment. The motion to strike requires us to pass upon its legal intendment and effect. Its form and substance make it nothing more than a defense of legal rescission for breach of warranty, and that by reason of defendant's rescission it is entitled to a return of its purchase money and cancellation of the accepted drafts,

. thus placing the parties in statu quo. The motion to strike out plea No. 3 should have been sustained.

Plea No. 4 alleges that on June 26, 1920, defendant ordered from plaintiff 804 bags of extra fine granulated sugar of the kind and quality described in plea No. 3 and with like warranty, which sugar was received by defendant on August 26, 1920, and, relying upon the warranty, inspection was not made, and the sugar was paid for on September 10, following; that complaints having been made by defendant's customers to whom a portion of the shipment had been sold, inspection was made of what remained on October 5, when it was discovered that the sugar was not of the kind, grade or quality contracted for, so notified plaintiff, and that it rejected the sugar and requested plaintiff to take said sugar off its hands, or indicate what disposition should be made of it; that on November 5 defendant further notified plaintiff that there were other objections to the sugar, that it had yellow color, and then requested an adjustment covering sugars delivered and rejected; that plaintiff refused to take back the sugar, repay any of the purchase money or make any adjustment; that 566 bags then remained in defendant's hands unsold, which the plea offers to return; that the amount paid for the bags on its hands and which it offers to return, was $12,653.92; that defendant did not realize the cost of the 238 bags of the shipment which it sold; and that there was a total failure of consideration for the 566 bags remaining; and that defendant is entitled to recover the price it paid for the 566 bags, $12,653.92, which is a certain and liquidated sum, and is entitled to off-set said sum against the plaintiff's demands. It will be observed that this plea sets up a claim arising from a different transaction than that out of which plaintiff's claim arises, and cannot be the subject of recoupment in this action. It is not clear whether this plea is for rescission or for breach of warranty. It is not good as a plea of rescission because a rescission must be in toto; it cannot be rescinded in part. Clark on Contracts, p. 350; Tiffany on Sales, p. 111; Mechem on Sales, sec. 1398; *Contract Co.* v. *Smith,* 76 W. Va. 503; *Shoe Co.* v. *Prince,* 51 W. Va. 511. A part of the sugar, 238 bags, had been sold by

defendant, as the plea shows, and it was impossible to place the plaintiff in statu quo. There could be no total rescission of the contract, no return of the entire purchase. If the plea can be construed as setting up a claim for damages for breach of the warranty, the question arises whether the damages are shown to be liquidated so as to be proper as an off-set to the plaintiff's demands. It is insisted that the damages on the 566 bags which are offered to be returned are liquidated and certain; that the aggregate number of pounds multiplied by the price at which they were purchased, 22.813 cents, will give the exact amount of damages to which defendant is entitled. This contention leaves out of consideration the value of the 566 bags which are in possession of defendant and which are its property. That value is uncertain. It would be a question for the jury upon evidence as to its value. It would be different if there was a rescission and return of the sugar; then the sum would be liquidated, easily ascertained. But a claim for breach of warranty pre-supposed a completed sale, and the true measure of damages for a breach is the difference between the sale price of the sugar and its actual value at the time of the delivery. Williston on Sales, p. 1018, sec. 613; *Eagle Co.* v. *Pipe Co.*, 74 W. Va. 228. There are some instances where the buyer suffers special or consequential damage, far exceeding the value of the goods, and if they are the result of a breach of the warranty, naturally flowing therefrom, he is generally allowed to recover them in a proper action. If a buyer could return goods and at the same time sue for a breach of the warranty, his damages would be liquidated, amounting to the price paid, in the absence of special consequential damages. Defendant has no legal right to cancel the contract and return the 566 bags, and its damages for the breach are dependent upon the difference between the value of the sugar purchased and the value of the sugar furnished. The statement in the plea that the damages to which defendant is entitled to off-set are represented by the amount of the purchase price paid for the bags remaining on hands, does not make the damages liquidated. The other facts set out in the plea show that such damages are uncertain and unliquidated. Where there are

no means of accurate estimation of damages furnished by the terms of the contract, the damages are unliquidated. The accuracy alleged in the plea, calculation of the amount based upon the purchase price of the goods remaining, is founded on a false premise, namely, the right to return the bags on hand. We do not think the damages as alleged in the plea are liquidated, and, having arisen in a different transaction than that sued on, cannot be pleaded as a recoupment. *Van Raalte* v. *Solof*, 89 W. Va. 66, 108, S. E. 488; *Pottery Co.* v. *Parker*, 86 W. Va. 583.

We are of the opinion that special pleas Nos. 3 and 4 should have been rejected, and so answer the question certified.

*Reversed and certified back.*