JOHNS-MANVILLE SALES CORPORATION

*v.*

BRYCE H. CONNELLY, DBA/CONNELLY ROOFING & SHEET METAL WORKS

(CC843)

Submitted April 28, 1959.       Decided June 2, 1959.

*Lewis A. Staker*, for plaintiff.

*Flesher & Flesher, M. W. Flesher*, for defendant.

BROWNING, JUDGE:

The plaintiff, Johns-Manville Sales Corporation, a corporation, in a motion for judgment proceeding, sought judgment in the Circuit Court of Cabell County against the defendant, Bryce H. Connelly, doing business as Connelly Roofing & Sheet Metal Works, for merchandise sold to the latter on open account in the sum of $551.50, with interest at six per cent per annum from the 12th day of July, 1957, until paid. Upon being served with notice thereof, the defendant filed its "Special Plea of Set-Off, For Breach of Warranty, * * *." The special plea states in substance that the defendant had, on or about the 1st day of April, 1955, purchased from the plaintiff eleven tons of aquadam cement in one hundred pound cartons. The plea further avers that the defendant, relying upon "the implied warranty of said merchandise", bought the

cement, the price of which was $397.21, and paid the freight charges thereon of $159.10, making a total of $556.31. The plea further states that the plaintiff failed and made default in regard to his said promise and undertaking, and "* * * that the said materials were not at that time, or at any time thereafter, reasonably fit for the uses and purposes for which they were intended, but on the contrary, the said roofing materials were then and there unfit for the uses and purposes for which they were intended and of no material use or benefit to this defendant, and the purchase price, and items of expense hereinbefore enumerated thereby became and were wholly lost to the said defendant, and the said defendant says that by reason of the premises, he hath sustained great loss and damage, amounting in the whole to a large sum of money, to-wit, the sum of Five Hundred Fifty-Six Dollars and Thirty-one cents ($556.31), of all [sic] which the said plaintiff afterwards, to-wit, on the day, month and year last aforesaid, had notice. * * *." The plea then alleges that the sum of $556.31 is still unpaid and "* * * now due and owing from the said plaintiff to the said defendant, * * *." The demurrer of the plaintiff to the special plea was overruled and in a written opinion made a part of the record the trial court said in explanation of its ruling upon the demurrer: "I base this ruling upon the view that the special plea of set-off is for a sum that is capable of being reduced to a certainty." Thereupon, the court, upon its own motion, certified the following question to this Court: "Whether the said plea designated as a 'Special Plea of Set-off, for Breach of Warranty,' filed by the defendant herein, properly sets forth sufficient facts, which if true, would sustain a liquidated debt or demand, as contemplated by Chapter 56, Article 5, Section 4, Serial Number 5629 of Michie's West Virginia Code of 1955, Annotated?"

Thus, the sole issue for determination is whether the special plea is good upon demurrer. Code, 56-5-4, provides: "In a suit for any debt, the defendant may at the trial prove and have allowed against such debt any pay-

ment or set-off which is so described in his plea, or in an account filed therewith, as to give the plaintiff notice of its nature, but not otherwise. * * *"

In an editorial note in 28 West Virginia Law Quarterly, 139, under the title of "Recoupment—Set-Off—and Counterclaim." is found this pertinent statement: "It would seem that this statute is broad enough to permit the offset of an unliquidated claim, but the very unfortunate use of the term 'set-off' in the statute made it necessary to revert to the older statutes for its meaning with the result that 'set-off' is confined to liquidated debts. * * *" The article then enumerates these essentials of a valid set-off: "(1) The plaintiff's demand must be in the nature of a debt, (2) The demand proposed to be set off must also be in the nature of a debt, and not a claim for unliquidated damages, but it may be either legal or equitable, (3) The demands must be due between the same parties, (4) The debts must be due in the same right, and (5) The debt to be set off must be due and payable. * * *"

It is well settled by many decisions of this Court that a defendant cannot, in an action at law, set off against the plaintiff's demand a claim for unliquidated damages arising out of a different transaction than that sued on. *Hooper-Mankin Fuel Co.* v. *Shrewsbury Coal Co., et al.,* 94 W. Va. 442, 119 S. E. 176; *American Sugar Refining Co.* v. *Martin-Nelly Grocery Co.,* 90 W. Va. 730, 111 S. E. 759; *Cook Pottery Co.* v. *Parker,* 86 W. Va. 580, 104 S. E. 51; *Fairbanks, Morse & Co.* v. *Breckenridge,* 84 W. Va. 233, 99 S. E. 398; *Dodge* v. *Brown & Hill,* 74 W. Va. 466, 82 S. E. 262; *The J. C. Orrick & Son Co.* v. *Dawson,* 67 W. Va. 403, 68 S. E. 39; *Ashland Coal & Coke Co.* v. *Hull Coal & Coke Corp.,* 67 W. Va. 503, 68 S. E. 124; *Case Mfg. Co.* v. *Sweeney,* 47 W. Va. 638, 35 S. E. 853; *Davis* v. *Baker,* 45 W. Va. 455, 32 S. E. 239; *Clark's Cove Guano Co.* v. *Appling,* 33 W. Va. 470, 10 S. E. 809; *Logie* v. *Black,* 24 W. Va. 1; *B. & O. R. R.* v. *Jameson,* 13 W. Va. 833. The only exception to that rule that this Court has recognized is well stated in *Cook Pottery Company* v.

*Parker,* 86 W. Va. 580, 104 S. E. 51, the 1st Syllabus Point of which reads: "An unliquidated claim for damages can not be set off against a liquidated demand, but if a plea of set-off pleads a claim not resting in uncertainty but is susceptible of *accurate calculation as provided by the contract,* it may properly be filed, and is improperly rejected." (Italics supplied.) No specific contract between the parties is alleged in the pleadings in the instant case, and there is no allegation in the pleadings that the claim of the defendant is suceptible of accurate calculation by any such contract. He relies wholly upon the breach of warranty of an implied contract which the provisions of Code, 58-8-3, in a proper proceeding, permit him to do.

In *American Sugar Refining Co.* v. *Martin-Nelly Grocery Co.,* 90 W. Va. 730, 111 S. E. 759, this Court reversed the trial court in refusing to strike two special pleas of set off, and approved the cases heretofore cited upon the issue before the Court in this case. In the opinion, the Court said: "* * * It is not clear whether this plea is for rescission or for breach of warranty. It is not good as a plea of rescission because a rescission must be in toto; it cannot be rescinded in part. [Citing authorities.] * * *. But a claim for breach of warranty presupposes a completed sale, and the true measure of damages for a breach is the difference between the sale price of the sugar and its actual value at the time of the delivery. Williston on Sales, p. 1018, sec. 613; *Eagle Co.* v. *Pipe Co.,* 74 W. Va. 228. * * *." The Court further said that: "* * * If a buyer could return goods and at the same time sue for a breach of the warranty, his damages would be liquidated, amounting to the price paid, in the absence of special consequential damages. * * *" The Court's answer to that speculative statement was that under the law of this jurisdiction the buyer could not do so. The 2nd Syllabus Point of this case says: "Where a sale of goods is executed the purchaser cannot rescind merely because of a breach of warranty in the quality of the goods, in the absence of fraud or an agree-

ment to rescind." Then turning to the question of whether the two pleas of set-off were sufficient, the Court held that they were not and said: "* * * Where there are no means of accurate estimation of damages furnished by the terms of the contract, the damages are unliquidated. The accuracy alleged in the plea, calculation of the amount based upon the purchase price of the goods remaining, is founded on a false premise, namely, the right to return the bags on hand. * * *."

True it is that the facts alleged in the Defendant's Special Plea of Set-off are not identical with those alleged in the *Sugar Refining Company* case. But it is the view of this Court that they are so similar that as a matter of law there can be no distinction between the rule laid down therein and the question presented in the instant case. While the Special Plea of Set-off, as heretofore quoted, alleges that the "items of expense hereinbefore enumerated thereby became and were wholly lost to said defendant," that averment must be considered only as a conclusion in view of the specific allegations preceding it. The plea avers that "the said materials were not at that time, or at any time thereafter, *reasonably fit* for the uses and purposes for which they were intended, * * *." (Italics supplied.) and that the roofing materials were unfit "for the uses and purposes for which they were intended and of *no material use or benefit* to this defendant, * * *." (Italics supplied.)

Even if the special plea be deemed to have been drafted pursuant to the provisions of Code, 56-5-5, entitled, "Special Pleas in the Nature of Pleas of Set-off; Verification.", and which provides in part: "In any action on a contract, the defendant may file a plea alleging any such failure in the consideration of the contract, * * * or any such breach of any warranty to him * * * of the title or the soundness of personal property, *for the price or value whereof he entered into the contract,* or any other matter, as would entitle him either to recover damages at law * * * or to relief in equity * * *." (Italics supplied.), such plea would be insufficient be-

cause the purported "set-off" does not arise out of the same transaction. In discussing an identical provision of the Virginia Code (§6145, Virginia Code of 1942), the Virginia Court, in *Dexter-Portland Cement Co.* v. *Acme Supply Co.*, 147 Va. 758, 133 S. E. 788, quoting 7 Va. Law Reg. 332, said:

"\* \* \* This plea [permitted by this section] bears no resemblance whatever to a set-off, but is a mere enlargement of the common law right of recoupment:

"1. Arises out of the contract sued on (never out of a transaction dehors the contract, as in the case of set-off.)

"2. Amount need not be liquidated.

"\* \* \*."

See also *B. & O. R. R. Co.* v. *Jameson*, 13 W. Va. 833, 838; *Monongahela Tie & Lumber Co.* v. *Flannigan*, 77 W. Va. 162, 87 S. E. 161; *Pulp and Paper Co.* v. *Whitmore*, 89 W. Va. 622, 109 S. E. 722; *Hardware Co.* v. *Phillips*, 109 W. Va. 109, 153 S. E. 147.

For the reasons herein stated, the action of the trial court in overruling the demurrer of the plaintiff to the Defendant's Special Plea of Set-off for breach of warranty is reversed. The single question certified must be answered in the negative.

*Ruling reversed.*