# CHARLESTON

### HULL v. GEARY.

Submitted September 8, 1911.  Decided December 17, 1912.

1. CORPORATIONS—*Sale of Stock—Breach of Warranty—Damages.*
    In *assumpsit* on the breach of an express warranty that shares in a corporation were worth their face value, the proper measure of damages is the difference between the warranted

value of the shares and their actual value at the time of the transaction. Whether fraudulent misrepresentation was made by the warrantor as to the value of the shares is wholly immaterial in a suit on the warranty and calls for no other measure of damages. (p. 492).

2. NEW TRIAL—*Grounds—Error in Instructions.*

An instruction recognizing two different measures of the damages when only one is applicable in the case, and plainly tending to mislead the jury, is error for which the trial court is justified in setting aside the verdict and awarding a new trial at the instance of the party over whose protest it was given and to whose prejudice it tended. (p. 493).

Error to Circuit Court, Kanawha County.

Action by E. Flynn Hull against W. B. Geary. Verdict for plaintiff. From an order setting aside the verdict and granting a new trial, plaintiff brings error.

*Affirmed.*

*W. R. Thompson* and *E. B. Dyer,* for plaintiff in error.

*H. D. Rummel* and *Upshur Higginbotham,* for defendant in error.

ROBINSON, JUDGE:

The trial court properly set aside the verdict and granted defendant a new trial. The assignments of error must be overruled and the case remanded.

The action is assumpsit for recovery on a warranty. The warranty was to the effect that certain stock in a corporation, which defendant transferred to plaintiff as part payment for real estate conveyed to the former by the latter, was worth the face value of the shares.

The jury found a verdict in favor of plaintiff for the face value of the shares, with interest. On the question of the actual value of the stock at the time of the transaction, the evidence is conflicting. We do not presume to pass on the weight of the evidence in this particular, yet it would seem to be a most reasonable inference from the evidence that the stock had some value. From the facts proved a jury would scarcely be warranted in finding that the stock was absolutely without value. But, by reason of an erroneous theory that was followed at the trial, we can not say that the jury made a finding that the

stock was so worthless that the breach of the warranty injured plaintiff to the full amount for which he had taken the shares. The erroneous theory on which the case was submitted to the jury may have caused them to find the verdict for the full amount though they believed the stock worth something below par. And it was this misdirection of the jury that fully justified the trial court in setting aside the verdict.

The appropriate action for recovery, under the facts and circumstances presented, was that which plaintiff adopted—assumpsit on the express warranty. If fraudulent misrepresentation had been made to plaintiff in the transaction, he could have done all that the law required of him toward a full rescission of the contract whereby he took over the stock as part payment for real estate, and then sued for damages if defendant did not accept his offer to rescind. However, the two forms of recovery are quite distinct. Principles applicable to the one are wholly inapplicable to the other. The following text is in point: "There is a clear distinction between an action for a breach of warranty and one for fraudulent representation; in the one the cause of action is *ex contractu* purely, while in the other it is *ex delicto*. In actions of the latter character a wilful intent to mislead or deceive is an essential element of the right to recover, while in the former no such element is necessary and the good faith of the warrantor is immaterial; indeed, it seems that evidence of fraud is incompetent, as being immaterial, in an action for a breach of warranty." 30 Am. & Eng. Enc. Law 131.

Though plaintiff chose the appropriate action, he failed to observe at the trial the distinction between the case pleaded and the other recovery he might have pursued; and, in submitting his evidence and in asking instructions to the jury, he seems to have had in mind a recovery on the theory that he had rescinded for fraudulent misrepresentation the contract whereby he took the stock as part payment for real estate. Yet, he neither proved a complete rescission, nor anything establishing fraudulent misrepresentation. Notwithstanding all this, the trial court adopted plaintiff's erroneous theory of the action that was being tried and gave instructions to the jury embodying the same.

The jury were told that they should find for plaintiff the full

amount of the face value of the shares, if they believed that plaintiff had been induced to trade for the stock by fraudulent misrepresentation of defendant, and had tendered the stock back to defendant within a reasonable time. This instruction had no proper place in the case. Among other objections, it did not submit the measure of damages applicable to the action and the case made by the evidence. The case presented only a breach of the warranty. Therefore, the proper measure of the damages was the difference between the warranted value and the value that the stock actually had. 2 Sutherland on Damages, sec. 670; *Thornton* v. *Thompson,* 4 Grat. 121.

It is true, as is argued, the record shows no direct objection by defendant to the giving of this instruction. But we find the point saved by defendant's objection to a modification which the court made to an instruction asked by defendant. That modification embraced this same erroneous principle that the court announced to the jury in the instruction for plaintiff. Defendant asked that the jury be instructed that the measure of damages in the suit on the warranty was the difference between the face value of the stock, which was guaranteed, and the actual value of the stock at the time of the transaction. The court gave such instruction, but, over the objection of defendant, modified it with these words: "unless they find that the representations as to the value of the stock were fraudulently made." So it appears indeed that defendant at the trial did protest by the record against the direction to the jury that they might find a verdict for the full amount of the face value on the theory of a rescission for fraudulent misrepresentation.

From what we have stated, it will be observed that the court directed the jury that the case might be susceptible of the application of one measure of damages or the other. In this direction, the court was clearly wrong. But one measure of damages was properly applicable. That measure was correctly stated in the instruction asked by defendant, before the court modified it. As originally framed, it fitted the case. The modification introduced also a measure not applicable. It clearly tended to mislead the jury. For all that we can see, it caused the jury to find the amount of the face value of the stock, as they did in the verdict. Since the court gave an instruction

that erroneously recognized that which did not properly have place in the case, we may well believe that the jury also were thereby influenced to recognize it erroneously. An instruction should not be given unless relevant. 7 Enc. Dig. Va. & W. Va. 717. Such direction of the jury as that given by the modified instruction must be presumed to have prejudiced defendant, since we do not see the contrary from the record. *Ward* v. *Ward,* 47 W. Va. 766, and other cases.

*Affirmed.*