The Peterson Oven Company *vs.* Freeman H. Fickett.

Penobscot.    Opinion July 8, 1922.

*The findings of a jury on a breach of contract, being a question of fact, is final, if there is any evidence to support it.*

The case as it developed involved several collateral matters, but the real issue was based upon a contract by the plaintiff to build a baker's oven for the defendant, and the receipt by the plaintiff of several promissory notes of the defendant in specific payment thereof.

It appearing, by elimination, that the only contract considered in the verdict was the oven contract, the case would seem to resolve itself into the following questions of law and fact: 1. Was there an independent oven contract? That there was appears as a matter of legal construction, and the jury so found. 2. Was there a guarantee of the oven contract? That there was, was a matter of legal construction for the court and question of fact for the jury, and the jury found in the affirmative. 3. Was there a breach of the contract? This was a question of fact and the jury so found.

On motion for new trial by plaintiff.    This is an action in assumpsit on twenty promissory notes, aggregating $1,525.00, given to plaintiff by defendant for the construction of a baker's oven for defendant by plaintiff.    Defendant filed the general issue with brief statement setting up failure of consideration, in whole or part, but not indicating wherein.    The case was tried to a jury and a verdict for $265.04 was returned for plaintiff, and plaintiff filed a general motion for a new trial.    Motion overruled.

The case is fully stated in the opinion.

*C. P. Conners and George H. Worster,* for plaintiff.

*Fellows & Fellows,* for defendant.

Sitting: Cornish, C. J., Spear, Hanson, Philbrook, Morrill, Wilson, JJ.

Spear, J.    This case involves an action of assumpsit on twenty promissory notes aggregating, besides interest, $1,525.00, given in payment for a baking oven constructed by the plaintiff under contract, guaranteeing its efficiency and that it would bake properly.

The account annexed was abandoned.

The defense was the general issue with a brief statement setting up failure of consideration, in whole or in part.

A verdict was rendered for the plaintiff for $265.04.

The case comes up on motion by the plaintiff.

There is no claim of part payment of any of the notes.

The case as it developed involved several collateral matters, but the real issue was based upon a contract by the plaintiff to build a baker's oven for the defendant, and the receipt by the plaintiff of several promissory notes of the defendant in specific payment thereof. The only detail of the contract it seems necessary to quote is the guaranty clause and the terms of payment, namely: "We guarantee the efficiency of our Ovens, and to bake perfectly in every respect." For the erection of this oven the contract, itself, prescribed: "Terms of payment as follows: 3rd. $1900.00, balance payable in monthly notes of $75.00 each; notes to be dated day of erection and to bear interest at 6%." The notes were executed and delivered according to the terms of the contract, and it is conceded that the notes in suit are part of the notes so given.

The plaintiff in argument raises eight general divisions: I. That questions of law may be raised under a general motion. With certain limitations that is the law. II. That the burden of proof in pleading a total or partial failure of consideration in recoupment of damages rests upon the defendant. That must be conceded. III. That recoupment is limited to damages arising out of the contract upon which the suit is brought. Such is undoubtedly the law. IV. That the plaintiff claims three distinct contracts, (1) As to the notes. (2) No other contract within the pleadings. (3) Foundation contract. V. The oven contract. IV, with its subdivisions, and V, the oven contract, will be considered together in a process of elimination. VI. Waiver and acceptance by the defendant. This was passed upon by the jury upon sufficient evidence to sustain their verdict. VII. Even if all the contracts merged into one, there can be no recoupment because no liability has been proved. This issue does not arise under any phase of the evidence. VIII. That the damages allowed defendant were excessive.

Under division IV the plaintiff claimed three distinct contracts, but the report of the evidence conclusively shows that the only contract for which the notes were given was the oven contract, and no other contract can be considered in connection with them; every

other contract must be eliminated as will be seen, or there was no defense. The plaintiff claims, however, that in the trial of the case the defendant not only undertook to recoup on the oven contract, but on the foundation contract as well, the latter being no part of the oven contract, nor in consideration of any part of the notes. The plaintiff's division III, that recoupment can arise only out of the contract sued, is sound, and, therefore, any attempt on the part of the defendant to combine the two contracts in recoupment, or in reduction of damages for partial failure of the consideration for the notes, would prove futile. But upon the charge of the presiding Justice, which, in the absence of exceptions, must be assumed to be correct, the jury found a verdict, deducting damages for a breach of the contract. But this could have been done only on the assumption that the jury, observing the instructions, considered the oven contract alone. Accordingly, under the law and the evidence as presented in the report, the instructions in law being reposed in the presiding Justice, and it being presumed that he instructed the jury that they could consider only the damages arising out of the oven contract; and the questions of fact, under the instructions, being for the jury who found such damages; we are of the opinion that there is sufficient evidence to sustain the conclusion that the verdict was founded upon the sole consideration of the oven contract.

It appearing, by elimination, that the only contract considered in the verdict was the oven contract, the case would seem to resolve itself into the following questions of law and fact. 1. Was there an independent oven contract? That there was appears as a matter of legal construction, and the jury so found. 2. Was there a guarantee of the oven contract? That there was, was a matter of legal construction for the court and question of fact for the jury, and the jury found in the affirmative. 3. Was there a breach of the contract? This was a question of fact and the jury so found.

Upon all the foregoing questions of fact, under legal instructions presumed to be correct, the verdict sustained the contention of the defendant. 4. Notwithstanding the force of the findings of the jury upon the law as given and the facts as presented, upon the foregoing issues, the plaintiff claims, nevertheless, that the notes are not so connected and interwoven with the oven contract as to constitute a transaction in which they may be construed together; but that the notes constitute an independent contract, by themselves, entirely collateral to the oven contract and guarantee, for which by the

written terms of the contract, they were specifically given, to pay; that the breach of the contract cannot be shown in total or partial defense to the notes, and can be made available to the plaintiff only by a separate special action on the alleged breach of contract. This contention raises a question of law, based upon the terms of the contract and the relation of the notes thereto.

We do not deem it necessary to analyse the plaintiff's citations upon this issue, as the cases to which we shall refer clearly show that the doctrine invoked by it has been long since supplanted, on the ground that the old rule, as we may call it, was too narrow and too technical for the practical attainment of direct and final results, the most urgent desideratum of modern legal procedure. The first case to which attention may be called is *Pratt* v. *Johnson*, 100 Maine, 443, which is clearly in point. This was an action of assumpsit on two promissory notes. The action was heard by the presiding Justice with the right of exceptions. The plea, note, was the general issue, only. The notes are given in payment of goods sold under a contract, containing the terms of sale, certain exchange agreements, a memorandum of items of the goods sold, and the price. There was also a written warranty on each package of the goods. The contract was executed on the fourth day of August, and the goods shipped and the notes given on the seventh day of August. At the trial the defendant claimed that the agreement and warranty were a part of the consideration of the notes, and that the whole transaction constituted one contract, and that there had been a breach thereof by the plaintiff and that the defendant was not liable on the notes, and should be allowed to set up this breach in defense of the action. The plaintiffs on the other hand contended that there was no breach and that said notes and agreement were independent and collateral, and that said agreement could not be construed with the notes as a part of one and the same transaction, as claimed by the defendant, and the breach of said agreement and warranty could not be set up in defense.

The presiding Justice held that said agreement and warranty were independent and collateral to said notes, and could not be construed with said notes as part of one and the same transaction, and that the breach of said agreement and warranty could not be set up in defense. Exceptions were taken. The court sustained the exceptions, saying: "The warranty and guaranty related to the goods for which the notes

were given, bore the same date as the notes, and must be regarded as in part consideration for the notes. Any breach thereof by the plaintiffs to the detriment of the defendant may be shown in defense to a suit upon the notes by the original payee. This is not a case of an independent warranty as to another and different transaction, but related to the particular goods for which the notes were given. The defendant had the option to sue upon the warranty, or, to avoid circuity of action, set up a breach thereof in defense to the suit. He elected the latter course, and should be allowed to make the defense. Such is the settled rule in this state."

The precise issue is raised by the plaintiff in the present case that was raised by the plaintiff in the case cited.

In the present case, as in that case, the notes arose out of the contract and guarantee. The guarantee was a part of the consideration of the notes. A breach of the guarantee was a total or partial failure of the consideration as the case might be. It was not an independent warranty, but relates to the guaranteed oven, in payment for which the notes were given. We are unable to distinguish it from the Pratt case. *Harrington* v. *Stratton*, 22 Pick., 510, is an early case which discusses the old doctrine that reduction of damages could not be allowed in partial failure of the consideration of a note, and adopts the modern rule, even at the early date of 1839. Justice Dewey says: "But upon the points of reducing the damages by a partial failure of the consideration of a note, upon evidence of the bad quality of the article sold, and for which the note was given either on a warranty, or false representation and deceit, the adjudicated cases conflict." He then discusses the cases that hold to the old doctrine, and then says: "On the other hand, this distinction as to promissory notes, has been entirely repudiated by other judicial tribunals." He then proceeds to discuss the cases that sustain the new doctrine as we may call it for the sake of distinction and declares: "It only remains to be settled which of these conflicting opinions is the better sustained. It is difficult to perceive why the great principle upon which the necessity of a cross action was originally urged, in such a case, that the defense was founded upon an independent cause of action, is not substantially disregarded as much in the rule admitting evidence of a breach of warranty or fraudulent representation, in reduction of damages, in case of an action of assumpsit on a contract to pay for an article at an agreed price, as in a suit upon a promissory note given for the same article." The foregoing quotation states the broad

fundamental principle upon which evidence in reduction of damages in all cases growing out of the same transaction is admissible, namely, to avoid the necessity of a cross action, and, conversely, whenever a cross action in such a case would lie, reduction of damages might be shown. The reason for the rule is also stated as follows: "The strong argument for the admission of such evidence in reduction of damages in cases like the present, is that it will avoid circuity of action, . . . . As it seems to us the same purpose will be further advanced, and with no additional evils, by adopting a rule on this subject equally broad in its application to cases of actions on promissory notes, between the original parties to the same as to actions on the original contract of sale." In *Herbert* v. *Ford*, 29 Maine, 546, the foregoing doctrine is ably discussed and fully sustained. The court cite the above case as follows: In the case of *Harrington* v. *Stratton*, 22 Pick, 510, when a note was given upon an exchange of horses, and the payee represented his horse to be sound, when he was not, the defendant was allowed to prove in reduction of damages the defect in the horse received by him without returning or tendering it to the plaintiff." Again the court say: "By the allowance of such defenses, in those cases, when the defendant would have the right to maintain a cross action and recover damages, an unnecessary circuity of action is avoided." . . . . There is no reason of public policy, which would shut out this defense, or that would require a party should recover today, what it is conceded he must pay back tomorrow. . . . The tendency of decisions in this country has been to allow a broader latitude of defense than was permitted by the rigid rules of the common law to bills of exchange and promissory notes, when the justice of the case requires it, and a circuity of action could be avoided.

In *Morse* v. *Moore*, 83 Maine, 473 is found an exhaustive opinion by then Justice Peters approving and sustaining the principles of law as above declared. *Hathorn* v. *Wheelwright*, 99 Maine, 351, holds that "Whenever a promissory note is given for two or more independent considerations . . . or when there is a breach of warranty or a misrepresentation as to quality, for the purpose of avoiding circuity of action, the law will allow the defendant, in an action between the original parties, to show such partial failure of consideration in reduction of damages."

See Public Laws 1917, Chap. 257, Sec. 28, the Uniform Negotiable Instrument Act.

We are of the opinion that the breach of the warranty on the oven contract was clearly admissible in reduction, by way of damages, of the amount due upon the face of the notes. The plaintiff has, indirectly at least, raised a question as to the sufficiency of the pleadings, based upon the well-established rule that in recoupment for damages, notice of such defense must, in some form, be given the plaintiff. But if no notice had been given, the case having been heard without raising the issue, the requirement of such notice must be deemed to have been waived in the present case, as in *Pratt* v. *Johnson*, supra; *McCormick* v. *Sawyer*, 108 Maine, 405. Moreover, a proper defense was pleaded. The brief statement was failure of consideration, total or partial. As the only failure of consideration there could be was based upon a breach of the oven contract; and as that contract and guarantee were the only consideration for the notes, therefore, a plea of failure of consideration in whole or in part, put in direct issue a breach of the guarantee, in whole or in part. The plaintiff also raises the point that the defendant accepted the contract and waived the breach. But the evidence does not sustain the claim. As soon as the defendant found that the oven was defective and faulty he notified the plaintiff and by mutual endeavor with the plaintiff, tried to discover and remedy the defects, but such conduct could not be construed into an acceptance and waiver that would or did bar the defendant of his right to recoup. Moreover, it is optional with a party who claims to have been injured by a breach of warranty to accept the subject matter of the breach and seek redress in an action upon the warranty or breach of contract. And there is no waiver in retaining it. This doctrine is too elementary for citation.

We discover no insurmountable obstacle in the way of the defendant's course of procedure in the present case.

The plaintiff further claims that the damages allowed the defendant were excessive. The assessment of damages is peculiarly within the province of the jury. Unless they have plainly erred in the amount they have allowed their judgment cannot be revised. Upon the theory of the defendant in the present case, that the oven is practically a total failure, with more or less evidence to support his contention, the court is unable to find any legal justification for disturbing the amount of the verdict.

*Motion overruled.*