# CHARLESTON.

MORGAN LUMBER & MANUFACTURING COMPANY

*v.*

J. T. McDANIELS AND D. LANDIS

(No. 5507)

Submitted February 3, 1926.   Decided February 23, 1926.

1. PARTNERSHIP—*Charge of Joint Liability Against Two De-fendants May be Established by Proof of Partnership Be-tween Them, Though Existence of Such Partnership Was Not Alleged.*

   Joint liability charged against two defendants may be established by proof of partnership between them, although existence of the partnership has not been alleged.  (p. 89.)

   (Partnership, 30 Cyc. p. 586.)

2. SAME—*Purchase of Property by Member of Partnership on Own Exclusive Credit Held to Create no Liability Against Firm, Though it Receives Benefits of Transaction; Whether Vendor Has Elected in Particular Case to Accept Individual Credit of Partner Buying Property is Ordinarily Question for Jury.*

   The purchase of property by a member of a partnership on his own exclusive credit creates no liability against the firm, although it receives the benefits of the transaction; but whether the vendor has elected in the particular case to accept the individual credit of such member is ordinarily a question for the jury.  (p. 89.)

   (Partnership, 30 Cyc. pp. 493, 594.)

3. SALES—*Damages for Breach of Warranty in Sale Should Make Good Defect in Property Sold and Such Additional Loss as is Direct Consequence of Breach of Warranty.*

   Where a buyer confiding in a warranty has suffered consequent loss, the damages should make good the defects in the property sold, and also such additional loss as is the direct consequence of the seller's breach of his warranty.  However, the buyer may not recover special damages sustained after the breach is discovered, or with ordinary care and attention might have been discovered.  (p. 91.)

   (Sales, 35 Cyc. p. 466.)

   (Note:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

                      101 W. Va.

Error to Circuit Court, Kanawha County.

Proceeding by a notice of motion for a judgment by the Morgan Lumber & Manufacturing Company against J. T. McDaniels and another. Judgment for the plaintiff, and defendant brings error.

*Affirmed.*

*Byrne, Littlepage & Linn,* for plaintiffs in error.
*Meldahl, Pool & Mauzy,* for defendant in error.

LITZ, PRESIDENT:

By notice of motion for judgment the plaintiff Morgan Lumber & Manufacturing Company, a corporation, recovered a verdict and judgment against the defendants, J. T. McDaniels and D. Landis, in the sum of $2567.85 for lumber sold and delivered by the plaintiff to the defendants and used by them as partners in the erection of a school building under a contract with the Board of Education of Scott District, Boone county.

A detailed statement of the items of claim, containing several typewritten pages, was set out in the notice. By inadvertence the first page of the statement was omitted from the copy of the notice served upon the defendant McDaniels, and inserted in duplicate in the copy served upon the defendant Landis. The original returned to the clerk's office was complete. The question of the mistake was not raised by either of the defendants until after the beginning of the trial, when the defendant McDaniels objected to the evidence offered by the plaintiff to prove the items set forth on the missing page.

Defendants pled the general issue and filed notices of recoupment setting up general and special damages based chiefly on alleged defects in the lumber and loss of time occasioned by failure of plaintiff to make prompt deliveries.

The defendants contend that the plaintiff agreed to furnish the lumber in accordance with the plans and specifications contained in the contract between defendants and the Board of Education, subject to approval of the architect in charge of the construction. The plaintiff, on the other hand, claims

that the lumber was furnished on the written orders of the defendants, and denies that acceptance was subject to the approval of the architect.

This writ was awarded upon the application of the defendants who assign the following as grounds of error:

(1)   The admission of evidence in support of the items of the account on page one of the itemized statement.

(2)   The overruling of the motion of defendant D. Landis to dismiss the action as to him on the ground that the lumber had been purchased by the defendant McDaniels on his own account.

(3)   The suing of the defendants merely as joint debtors, without alleging the partnership existing between them.

(4)   The granting of certain instructions on behalf of plaintiff, and refusal of others for the defendant.

It not being alleged that either of the defendants had been misled by the omission complained of, they are presumed to have waived the mistake, if ever material, by going to trial without objection.

At the request of McDaniels the lumber was originally charged to him on the books of plaintiff. It is contended by Landis that this act on the part of plaintiff, with knowledge of the existence of the partnership, constituted an election on its part to accept the individual credit of McDaniels, although the lumber was purchased for and used by the partnership. This fact alone, or in connection with the other evidence, is not sufficient to make the question one of law for the court. Whether the creditor has elected to accept the exclusive credit of an individual member of a partnership in transactions for its benefit is ordinarily to be determined by the jury. *Bowyer* v. *Knapp,* 15 W. Va. 277. This question was properly submitted to the jury by the following instruction:

> "The court instructs the jury that if they believe from the evidence that at the time of entering into the contract for the material sued for, plaintiff Morgan Lumber & Manufacturing Company knew that the firm of McDaniels and Landis existed and elected to extend credit to the said J. T. McDaniels, exclusively, even though the materials

sold were used for the benefit of the firm of Landis and McDaniels, the plaintiff cannot recover herein against the said Landis.''

There is no merit in the contention that the transaction having been entered into between the plaintiff and McDaniels, (who is shown to have been representing the partnership), the plaintiff should have sued the defendants as partners in order to recover against Landis. The general rule is that in bringing suit against the firm it is sufficient to designate the names of the partners, and it is unnecessary to allege the existence of the partnership. *Courson* v. *Parker et al.*, 39 W. Va. 521, 20 S. E. 583; 20 R. C. L. 939; Ann. Cas. 1912-A 512; 15 Enc. Pl. and Pr. p. 920.

The first of the two instructions given for the plaintiff properly requires the defendants to prove their notices of recoupment by a preponderance of the evidence. 24 R. C. L. p. 879.

The second correctly authorized a finding in favor of the plaintiff at the stipulated price for all lumber in accordance with the contract, and the actual value of other lumber accepted from the plaintiff by the defendants; because, as hereafter noted, the defendants are not entitled to recover special damages.

The defendants offered the following instruction:

''The court instructs the jury that if they believe from the evidence herein that under the contract entered into by and between the defendants and the Board of Education of Scott District, Boone County, that A. F. Wysong, architect, was to be the sole arbitrator in case any dispute should arise concerning the true intent and meaning of the plans and specifications, and that under the contract entered into between the plaintiff and the defendants, the plaintiff promised and agreed to furnish the materials sued for, in accordance with the plans and specifications, prepared by the said architect and subject to his approval, and that said materials or any part thereof so furnished were not in compliance with said plans and specifications and were not approved by said architect, and that by reason of said defective material that

the said defendants were damaged, then the jury
may allow the defendants all damages arising out
of said transaction as a result thereof, and that
they believe from the evidence that defendants are
entitled not to exceed the sum of $.............."

Refusing to give this instruction as offered, the court gave
it in the following form:

"The court instructs the jury that if they be-
lieve from the evidence herein that under the con-
tract entered into by and between the defendants
and the Board of Education of Scott District,
Boone County, the plaintiff promised and agree to
furnish the materials sued for, in accordance with
the plans and specifications, prepared by the archi-
tect, and that said materials or any part thereof
so furnished were not in compliance with said
plans and specifications, and by reason of said de-
fective material that the said defendants were
damaged, then the jury may allow the defendants
by way of recoupment against plaintiff's claim, all
damages arising out of said transaction as a result
thereof, and that they believe from the evidence
that defendants are entitled to."

The defendants complain of the instruction as given on
the ground it is misleading when applied to the evidence.
Whether or not this is true, the defendants were not preju-
diced by the action of the court in rejecting the instruction
in the original form or giving it as amended, for the reason
that they were not entitled to recoup "all damages arising
out of said transaction" as a result of the defective material,
in as much as the defects were either known to the defend-
ants, or by the exercise of reasonable diligence could have
been discovered by them, before the lumber was placed in the
building.

If the breach consists of the delivery of an article of in-
ferior quality, the general damages are ordinarily the differ-
ence between the value of the article delivered and what it
would have been worth if it was of the quality called for by
the contract.   24 R. C. L., p. 83, sec. 348; *Norman Lbr. Co.*
v. *Keystone Mfg. Co.,* 100 W. Va. 515, 131 S. E. 12.   Where a
buyer confiding in a warranty has suffered consequent loss, the

damages should make good the defects in the property sold, and also such additional loss as is the direct consequence of the seller's breach of his warranty. However, the buyer may not recover special damages sustained after the breach is discovered, or with ordinary care and attention might have been discovered. 24 R. C. L. p. 256, sec. 536.

Finding no reversible error in the record, the judgment of the lower court will be

*Affirmed.*