HAYSSEN MANUFACTURING COMPANY *v.* C. B. MOOTZ

(No. 8069)

Submitted February 26, 1935. Decided March 16, 1935.

*Reynolds & Reynolds,* for plaintiff in error.

*Walter G. Burton* and *Sanders & Crockett,* for defendant in error.

MAXWELL, JUDGE:

In an action by plaintiff against defendant for $1,166.95, balance due on certain notes, defendant, upon plea of set-off, obtained verdict and judgment against the plaintiff for $3,301.13. Plaintiff sought and obtained writ of error.

The notes, executed by the defendant to the plaintiff, represented, in large part, the unpaid portion of the purchase price of a bread-wrapping machine sold by the plaintiff, manufacturer of the same, to the defendant, a baker.

The machine was installed in the defendant's bakery in February, 1931. By his plea of statutory recoupment (Code, 56-5-5), the defendant alleges great damages to his business because of the defective and inadequate manner in which the machine functioned. He proved that the machine damaged and rendered worthless many thousands of loaves of bread. Imperfection in the operation of the machine became manifest soon after its installation. In response to repeated complaints and importunities, the plaintiff sent expert mechanics on several occasions to endeavor to correct the difficulty.

The set-off is based on alleged breach of a written warranty contained in the contract of purchase and sale. By the warranty, the plaintiff "guarantees said machine will successfully wrap the bread of the purchaser, * * * at the rate of 1500 or more loaves per hour and guarantee said machine against mechanical imperfections and defects for the period of one year from date of installation * * *."

Defendant's evidence tending to show his loss and damage because of the failure of the machine properly to do the work which was expected of it, is sufficient to sustain the verdict.

As grounds for reversing the judgment and setting aside the verdict, the plaintiff relies principally upon two legal propositions: first, that the breach, if any, arose immediately after the defendant began operating the machine and that he

had no right to continue in his efforts to operate the same and thereby to pile up damages; second, that it was the duty of the defendant to minimize his loss and that it was reversible error to allow him to recover damages which he might have avoided by adherence to this rule.

The juridical basis of these propositions is sound, but, under the evidence, which we must view in the light most favorable to the defendant because of the verdict, we are of opinion that the said legal principles are not controlling herein. This view is taken because the jury was warranted in believing from the evidence that the defendant's continuous efforts through a period of months to operate the machine were encouraged by the plaintiff. Its mechanics and inspectors on the occasions of their visits to the defendant's bakery, after making adjustments of the machine, took the position each time that the machine would function properly. Under such circumstances, the defendant's extended efforts to use the machine did not prejudice his rights under the warranty. *Advance Rumely Thresher Co.* v. *McCoy*, 213 Cal. 226, 2 Pac. (2d) 157. At length, in November, 1932, the plaintiff installed for the defendant a new machine to replace the unsatisfactory one.

If the defendant had acted on his own initiative alone in his protracted efforts to use the machine, he probably would be precluded by his conduct from recovering special damages sustained after discovery of the breach of warranty. *Lumber Company* v. *Landis*, 101 W. Va. 87, 131 S. E. 879. But, for the reasons stated, we think that this legal principle does not apply. The same state of facts operates to excuse him from minimizing the damages. *Taylor* v. *Lumber Co.*, 90 W. Va. 530, 537, 111 S. E. 481. His course of conduct was in harmony with that adopted by the plaintiff. If the seller had desired to avoid the risk of special damages incident to the breach of warranty, it could have replaced the machine promptly without procrastinating through many months in a vain hope that the unsatisfactory machine would operate properly.

The basis for general damages where breach of warranty of fitness of an article is relied on, is the difference in value between the article warranted and the article delivered.

*Lumber Co.* v. *Manufacturing Co.*, 100 W. Va. 515, 528, 131 S. E. 12; *Hull* v. *Geary*, 71 W. Va. 490, 76 S. E. 960; 24 Ruling Case Law, p. 83; Tiffany on Sales (2d Ed.), p. 368. But there may be special damages. "Where a buyer confiding in a warranty has suffered consequential loss, the damages should make good the defects in the property sold, and also such additional loss as is the direct consequence of the seller's breach of his warranty * * *." 24 Ruling Case Law, p. 256. In point: 55 Corpus Juris, p. 1189; *Lumber Co.* v. *Landis, supra;* Benjamin on Sales (7th Ed.), p. 963; *Swain* v. *Schieffelin,* 134 N. Y. 471, 31 N. E. 1025; *Oliver Farm Equipment Sales Co.* v. *Patch,* 134 Kan. 314, 5 Pac. (2d) 795; *Peterson Oven Co.* v. *Fickett,* 121 Me. 413, 117 Atl. 575.

Defendant's evidence amply justified the jury's finding of direct loss to him, consequential of the plaintiff's breach of warranty. There is no tangible basis on which this Court could say that the verdict is not supported in fact.

The defendant did not request the giving of any instructions. The court declined to give those requested by the plaintiff. Inasmuch as they were not in harmony with the principles herein emphasized, the court properly rejected them.

Perceiving no prejudicial error in the record, we affirm the judgment.

*Affirmed.*