IVAN G. SHREVE, *et al.*

*v.*

CASTO TRAILER SALES, INC., A CORPORATION

*v.*

MONARCH INDUSTRIES, INC., A CORPORATION

(No. 12517)

Submitted May 4, 1966.                    Decided June 28, 1966.

*Theodore H. Ghiz,* for appellants.

*Steptoe & Johnson, Charles W. Yeager, Kay, Casto & Chaney, George S. Sharp,* for appellee.

BERRY, JUDGE:

This action was instituted in the Common Pleas Court of Kanawha County by the plaintiffs Ivan G. Shreve and Irene A. Shreve against the defendant, Casto Trailer Sales, Inc., a Corporation, to rescind a contract to purchase a mobile home from the defendant, which they claim had a

defective floor which the seller did not repair, and to recover the purchase money paid on said contract. The mobile home involved was a new 1963 Monarch house trailer which was purchased under a conditional sales contract the latter part of June, 1963. The conditional sales contract introduced into evidence was dated June 27, 1963, and apparently superseded one which was dated several days before which contained an error. The time sale purchase price of the mobile home was $5,427.23, of which $1,500.23 was paid in cash by the plaintiffs, and the balance was payable in sixty consecutive monthly installments. The defendant, after answering and denying the allegations contained in the plaintiffs' complaint, filed a third party complaint in the action against the Monarch Mobile Homes, Inc., a Corporation, the manufacturer of the mobile home involved, alleging that the Monarch Mobile Homes, Inc., a Corporation, had warranted the mobile home manufactured by it and that if the Casto Trailer Sales was liable, the Monarch Mobile Homes would be liable by virtue of the breach of the warranty of the Monarch Mobile Homes. The Monarch Mobile Homes, Inc., a Corporation, filed an answer denying liability alleged against it in the third-party complaint. The case was tried before a jury on June 18, 19 and 22, 1964, and a verdict was returned by the jury against the defendant, Casto Trailer Sales, Inc., in favor of the plaintiffs in the amount of $1500.00, and in favor of Casto Trailer Sales, Inc., a Corporation, against the third-party defendant, styled therein "Monarch Industries, Inc.", in the amount of $1500.00. The Monarch Mobile Homes, Inc., a Corporation, and the Monarch Industries, Inc., a Corporation, are apparently one and the same third-party defendant because no issue is raised on this appeal relative thereto. The trial court entered judgment on the verdict on July 3, 1964.

Both the defendant, Casto Trailer Sales, and the third-party defendant, Monarch Industries, timely moved to set aside the verdict of the jury and to have the judgment entered in their favor in accordance with their motions for a directed verdict made at the close of all the evidence under the provisions of Rule 50 (b) R. C. P., and the trial

court overruled said motions on January 27, 1965. Both the defendant, Casto Trailer Sales, and the third-party defendant, Monarch Industries, appealed the judgment of the Common Pleas Court of Kanawha County to the Circuit Court of Kanawha County, which appeal was granted by the intermediate appellate court.

On July 7, 1965 the Circuit Court of Kanawha County reversed the judgment of the Common Pleas Court of Kanawha County and directed that judgments be entered for the defendant, Casto Trailer Sales, against the plaintiffs, and that judgment in favor of the third-party defendant, Monarch Industries, against Casto Trailer Sales be entered, which was accordingly done. Upon application to this Court an appeal was granted October 11, 1965, to the judgment of the Circuit Court of Kanawha County July 7, 1965, and the case was submitted for decision of this Court upon arguments and briefs at the April Special 1966 Term.

The plaintiffs, husband and wife, were living in an apartment in South Charleston in June of 1963 where the husband was an electrical designer for the Midwest Technical Service of Cincinnati, Ohio, was working for the Carbide Technical Center in South Charleston, and was subject to being moved from time to time in connection with his work. About June 20, 1963, the plaintiffs decided to buy a trailer and move away from South Charleston as they claim the fumes from the plant were injurious to the wife who was pregnant at that time.

The plaintiffs testified that during the time they were looking over the trailer at the Casto Trailer Sales' place of business, a white plastic cover was on the floor which prevented them from observing the floor. This was denied by witnesses for the defendant who stated that the plastic cover was clear. After the mobile home was purchased it was moved to a trailer park in St. Albans, the location being obtained by the Casto Trailer Sales, and some time during the first part of July, after the plaintiffs had moved into the mobile home, they noticed that at about every four feet in the floor of the trailer or mobile home there appeared

a ridge of about one-sixteenth of an inch in the joint between the tiles; and on July 23, 1963, the plaintiff, Ivan G. Shreve, wrote to the manufacturer, the third-party defendant, stating that they had lived in the trailer for a period of more than three weeks and that they were well satisfied. However, he further mentioned that they desired to bring to the attention of the manufacturer one complaint which was the ridge on the floor "near to 1/16 of an inch high * * * every four feet", and stated further that any steps that could be taken to correct the situation would be appreciated.

The defendants claim that they attempted to call on the plaintiffs in order to take care of the complaint about the flooring but could not find them at the mobile home. This is denied by the wife who says that because of the condition of her pregnancy she was nearly always at home. However, on September 2, 1963, when the wife was in the hospital giving birth to her baby, the plaintiff husband said he found a note to call a representative of the manufacturer which he did, and the representative came to the mobile home the next day with some tile and made temporary repairs with the tile. These repairs were not satisfactory, and Mr. Shreve said that was the last time he saw a representative from the manufacturer and that he started calling the defendant, Casto Trailer Sales, at intervals after that, but received no satisfaction in connection with his complaint. The plaintiffs being unable to get the floor repaired employed an attorney and the attorney wrote to the manufacturer on October 10, 1963, advising that he had been retained by the plaintiffs and had advised his clients that unless the floor was repaired on or before November 1, 1963, that they should have the floor repaired and institute legal proceedings against the manufacturer for damages. On October 28, 1963, in answer to a letter from the manufacturer dated October 15, 1963, the attorney for the plaintiffs wrote the manufacturer and expressed the opinion that it should be given every chance to complete the repairs made by its service man while he was there and that it was hoped that the repairs could be completed before November 10, 1963.

There is a conflict in the evidence as to the attempts made or not made by the defendants to repair the defects in the floor. However, a repair man was sent to make the repairs the latter part of November, 1963, and the plaintiffs refused to admit him.

Apparently the plaintiffs moved out of the trailer the latter part of November and instituted the action against the defendant, Casto Trailer Sales, on December 11, 1963. Several monthly payments had been made in accordance with the conditions of the conditional sales contract but there was either one or two payments past due, and apparently the defendant, Casto Trailer Sales, repossessed the mobile home about the middle of December and resold it.

There is also a conflict in the evidence with regard to the warranty in connection with the sale of the mobile home. It is contended that an express warranty was contained in the mobile home when it was sold but it required a card to be sent by the purchaser before it could become effective and there is no proof that this was done and that the warranty was in effect on this mobile home. There is evidence of a warranty given by the Casto Trailer Sales which is denied by it. It is the position of the plaintiffs which is clearly stated in the complaint and in the evidence throughout the trial that the action was brought to rescind the contract and not for damages for a breach of warranty. There is no evidence whatsoever in the record of this case that any notice of rescission on the part of the plaintiffs was ever given to the defendants.

The only question involved in the case presented here is whether the plaintiffs and appellants here, Ivan G. Shreve and Irene A. Shreve, could legally rescind the conditional sales contract made with the Casto Trailer Sales at the time the mobile home was purchased, and recover the money paid under the contract or any part thereof.

The cases in West Virginia dealing with the right to rescind a contract and recover the purchase money paid as well as the right to bring an action for damages for a breach of warranty are somewhat confusing in connection

therewith. The earlier cases indicated that West Virginia was committed to what was known as the English or New York Rule which was to the effect that an executed sale could not be rescinded for a breach of a warranty unless fraud was involved or an agreement had been entered into providing for a rescission, and also that to effect rescission there should be a total rejection. *American Sugar Refining Co.* v. *Martin-Nelly Grocery Co.,* 90 W. Va. 730, 111 S. E. 759; *Ellison, Son & Co.* v. *Flat Top Grocery Co.,* 69 W. Va. 380, 71 S. E. 391, 38 L. R. A. (NS) 539; *Eagle Glass & Manufacturing Co.* v. *Second Hand Pipe & Supply Co.,* 74 W. Va. 228, 81 S. E. 976; *Ohio River Contract Co.* v. *Smith,* 76 W. Va. 503, 85 S. E. 671. It was also stated in the *American Sugar Refining Co.* case that rescission and breach of warranty were inconsistent and that the contract could not be rescinded for a breach of warranty.

The other rule known as the Massachusetts Rule allowed a buyer to either rescind or sue on a breach of warranty. However, the rescission must be made within a reasonable time. This Rule is recognized in the Uniform Sales Act which has never been adopted in West Virginia and also in the Uniform Commercial Code which has been adopted in West Virginia effective July 1, 1964. Code, 46-2-101, et. seq., Sales, as amended.

In the case of *Kemble* v. *Wiltison, et al.,* 92 W. Va. 32, 114 S. E. 369, it was held that in a case of an executed sale of personal property under an express warranty the buyer may, if the property delivered does not correspond with the terms of the warranty, either keep the property and sue for breach of warranty or rescind the contract and return the property. This case would appear to follow the so-called Massachusetts Rule and it distinguished the *Eagle Glass & Manufacturing Co.* case on the ground that the property was used in the buyer's business and the *Ohio River Contract Co.* case on the ground that the buyer had to rescind within a reasonable time, although these cases appear to have been decided under the principles of the New York Rule which in effect is that one can not rescind an executed sale.

The decisions in the later cases of *Dixie Appliance Company* v. *Bourne,* 138 W. Va. 810, 77 S. E. 2d 879, and *Johns-Manville Sales Corp.* v. *Connelly,* 144 W. Va. 498, 108 S. E. 2d 836, did not involve the question presented in the case at bar for disposition and the reference thereto in these cases is merely dicta. It will be noted that the *Kemble* case involved an express warranty and the earlier cases dealt with an implied warranty. However, this is immaterial at the present time because the Uniform Commercial Code makes no distinction between an express warranty and implied warranty in such cases. Code, 46-2-314, as amended. The Uniform Conditional Sales Act which was in effect in West Virginia when this present sale took place referred to a seller being liable to a buyer for a breach of either an implied or express warranty. Code, 40-3-2. The Uniform Conditional Sales Act was repealed by passage of the Uniform Commercial Code. However, even under the Uniform Commercial Code the rejection or rescission must be within a reasonable time after the delivery thereof, and such rejection or rescission is ineffective unless the buyer seasonably notifies the seller. Code, 46-2-602, as amended.

The fact that there was no notice to rescind given by the buyer to the seller in this present case would prohibit rescission of the contract within itself because the law, before the Uniform Commercial Code was adopted as well as afterwards, provides that clear and unambiguous notice to rescind must be given by the buyer. 46 Am. Jur., Sales, § 763. Then, too, it has always been held that a rescission must be made promptly or within a reasonable time and if such rescission is not made within a reasonable time the right to rescind is lost. 17 Am. Jur. 2d, Contracts, § 489; 16 M. J., Rescission, §§ 7, 8. If a buyer keeps the property and treats it as acceptable under the sale thereof, such as was done in the case at bar by living in the mobile home for four or five months and making several monthly payments, it would be construed as a waiver of his right to rescind and as accepting the property under the contract. 17 Am. Jur. 2d, Contracts, § 510.

It would appear from all authorities relating to the question involved in the case at bar as to whether or not the plaintiffs had the right to rescind the contract for the sale of the mobile trailer, that no such right existed under the facts and circumstances of the instant case. This includes the law in effect at the time this case was tried as well as the law now in effect in this State under the Uniform Commercial Code. Code, 46-2-317, as amended.

The case of *Gibson* v. *Adams & Tucker*, 98 W. Va. 671, 127 S. E. 514, is perhaps the closest case in West Virginia involving the question presented here for decision. This case held that a buyer could not keep personal property for a period of about five months, attempt to use it, and then rescind the contract when the buyer knew of the difficulty with regard to the property soon after it was purchased. An express warranty was involved in that case but the principle as to the right of rescission is the same as that in the case at bar.

The authorities cited in the plaintiffs' brief to support their contention for the right to rescind the contract are not authorities for such contention. They involve actions for damages based on a breach of warranty and support relief or recovery of damages on such theory. Therefore, if the plaintiffs have a cause of action against the defendants by virtue of the alleged defect in the flooring of the mobile home it should be based on a breach of warranty and not rescission of the contract. 78 C. J. S., Sales, §§ 520 (d) and 627 (b); 47 Am. Jur., Sales, § 885; *Hayssen Manufacturing Co.* v. *Mootz*, 116 W. Va. 204, 179 S. E. 301.

For the reasons stated herein, the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*