829 F.2d 1119
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
FEDERAL DEPOSIT INSURANCE CORPORATION; Lawrence Cooper,
Plaintiffs-Appellees,
v.
KINCAID ENTERPRISES, INC.; R.E. Kincaid; Anne Kincaid;
Kinan Corporation, Defendants-Appellants,
v.
Harlan ALLEN, Jr., Third-Party Defendant.
 Nos. 86-2129 (L), 86-2130.
 United States Court of Appeals, Fourth Circuit.
 Argued July 2, 1987.
Decided Sept. 22, 1987.
 
 James S. Arnold (Judith P. Thomas; King, Betts & Allen; William T. Lively, Jr., on brief), for appellants.
 John Henry Skaggs (W. Stuart Calwell, Jr.; John Skaggs, Calwell, McCormick & Peyton, L.C., on brief), for appellees.
 Before JAMES DICKSON PHILLIPS, ERVIN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs below, appellees Federal Deposit Insurance Corporation (FDIC) and Cooper, initiated this action to enforce a March 29, 1979, settlement agreement entered into to resolve litigation then pending in the Circuit Court of Putnam County, west Virginia. Defendants below, appellants Kincaid, et al., by way of defense and counterclaims challenged the validity of the settlement agreement by alleging various instances of misrepresentation, nondisclosure, and fraud by the appellees.
 
 
 2
 On FDIC and Cooper's motion for summary judgment, the district court held that the issues raised by the defendants had been fully litigated and resolved in proceedings in the Circuit Court of Putnam County, West Virginia. These proceedings resulted in a final judgment that the Kincaids did not appeal to the West Virginia Supreme Court. The district court held that these state court proceedings constituted a complete bar to relitigation of the issues by the Kincaids and entered judgment for the appellees. The court ordered the Kincaids to pay to the FDIC and Cooper one hundred fifty thousand dollars due under the agreement and ordered the parties to specifically perform the remaining terms of the agreement.
 
 
 3
 Because we agree that principles of res judicata bar relitigation of the validity of the agreement, we affirm that portion of the district court's opinion. Further, we affirm the award of the second installment of $150,000 due under the agreement to the FDIC and Cooper. We vacate, however, the district court's order requiring specific performance of the remaining terms of the agreement and remand with directions to award to the appellees the remaining $225,000 due under the settlement.
 
 I.
 
 4
 This action arose from a 1977 dispute between appellant Kincaid, founder of Chemical Formulators, Inc., and appellee Cooper and third party defendant Allen*, each of whom had acquired shares in Chemical Formulators and who sought to remove Kincaid from active management of the business. This dispute resulted in a lawsuit that went to trial in the Circuit Court of Putnam County, West Virginia and which, on March 29, 1979, after three days of trial, terminated in a settlement agreement between the parties.
 
 
 5
 The agreement provided that Allen and Cooper would sell to the Kincaids six hundred shares of the stock of Chemical Formulators for $525,000. The sellers were to receive $150,000 in cash and assets when the agreement was signed. The balance of the price was to be paid no later than September 29, 1979, six months from the date of the agreement, in a second installment of $150,000 and a $225,000 five year promissory note. On the payment of the second installment and execution of the promissory note, Allen and Cooper were to transfer their stock to the Kincaids. The agreement further provided, in section three, the sellers' warranty that the "stockholders equity" as of the date of payment would be at least $500,000 to be verified by a Certified Public Accountant of the sellers' choice. The circuit court entered an order dismissing the state court action and adopting the settlement agreement on January 24, 1980.
 
 
 6
 The Kincaids repudiated the settlement agreement in a letter filed in the Putnam County Circuit Court on July 29, 1979. On January 30, 1980, they filed a motion to set aside the court order adopting the settlement agreement. The court denied this motion on August 29, 1980. The Kincaids never appealed this ruling to the West Virginia Supreme Court.
 
 
 7
 The FDIC and Cooper then brought an action in the county court in June 1981 to enforce the terms of the agreement. The action was removed to the district court on the Kincaid's petition. The district court granted the plaintiffs' motion for summary judgment, defendants appealed and the case was reversed and remanded due to the inadequacy of the record. After further proceedings, the district court again granted summary judgment based on a determination that the Kincaids' claim that the settlement agreement was fraudulently induced had been fully litigated and resolved in the state court proceedings. The district court awarded the FDIC and Cooper $150,000 and ordered specific performance of the remainder of the agreement. The Kincaids again appeal and appellees have contested in a cross . appeal the specific performance remedy.
 
 II.
 
 8
 Appellants contend that the district court erred in dismissing their challenge to the validity of the settlement agreement on the basis of fraud, misrepresentation, and nondisclosure. We disagree. The district court correctly held that this question had been preclusively litigated in the West Virginia courts.
 
 
 9
 Under 28 U.S.C. Sec. 1738, this court must give the same preclusive effect to the state court judgment as that judgment would be given in the state court rendering it. Kremer v. Chemical Construction Corp., 456 U.S. 461, 481-82 (1981). The Supreme Court of West Virginia has stated that under the rule of res judicata "a judgment rendered on the merits by a court of competent jurisdiction ... precludes subsequent litigation between the same parties of all matters adjudicated in the first proceeding and those that could have been adjudicated there." White v. SWCC, 262 S.E.2d 752, 756 (W. Va. 1980). Matters decided on a rule or motion bar relitigation of the same question where an appeal could be taken and the judgment remains unreversed. Gillespie v. Johnson, 209 S.E.2d 143, 146 (w. va. 1974).
 
 
 10
 An order denying a motion for relief from an order or judgment under Rule 60(b) of the West Virginia Rules of civil Procedure is filial and appealable. See State ex rel. Miller v. . Sencindiver, 294 S.E.2d 90, 94 (W. Va. 1982). Appellants in this case could have appealed the Putnam County Circuit Court's denial of their motion to set aside the settlement agreement. The record clearly indicates that appellants had the opportunity to fully litigate their claim of fraud and that this issue was finally resolved in favor of the appellees in the county court proceedings. The appellant did not appeal the county court's decision to the West Virginia Supreme Court. The county court's decision is therefore final and bars relitigation of the issue in federal court.
 
 
 11
 The record of the proceedings of the Circuit Court of Putnam County is sufficient to establish that the question of the validity of the settlement agreement was raised, litigated, and resolved in that court. The record contains the Kincaids' motion to set aside the dismissal order on the grounds that the settlement agreement was induced by fraud, misrepresentation, and nondisclosure, the county court's order denying the motion decided after a hearing before the court on August 11, 1980, and the trial court's certification of the nature and extent of the proceedings held on the Kincaids' motion.
 
 
 12
 The Honorable J. 0. Holliday, the trial judge who presided over the August 11, 1980, motions hearing, certified that the issues of fraud, misrepresentation, and nondisclosure were fully litigated in that hearing.--The Kincaids point to no specific inaccuracies in the state court's certification. We are satisfied that the court's certification accurately reflects the nature and extent of the hearings over which he presided. The accuracy of the certification is supported by its consistency with the Kincaids' motion, setting forth the allegations of fraud, and with the court's August 29, 1980, order denying that motion issued after the hearing.
 
 
 13
 We also find no merit to the appellants' claim that the district court abused its discretion in refusing to permit them to assert a counterclaim for damages resulting from alleged contamination by Allen and Cooper of the real property on which the plant is located. The decision whether to permit a counterclaim to be asserted lies within the trial court's discretion and will be reversed only where the decision constitutes an abuse of discretion. 6 Wright and Miller, Federal Practice and Procedure, Sec. 1430, at 155 (1971); see Ralston-Purina Co. v. Bertie, 541 F.2d 1363, 1367 (9th Cir. 1976).
 
 
 14
 The claim that appellants sought to assert involves complex and technical issues as to the extent, cause, and time of contamination of the property. The questions of the time and origin of the pollution present difficult factual determinations in light of the the fact that the property had been in the control of various parties over the years. The Kincaids operated a chemical plan on the property for thirty years prior to this suit. For approximately three years between 1977 and 1980 the operation and control of the Chemical Formulators plant rested exclusively with the appellees. Control then passed to a trustee for several months and has since returned to the Kincaids, who have continued to operate a chemical plan on the property since ,approximately 1980. Because the question of . liability for contamination of the real property is not only causally complex but also unrelated to the underlying issue of the enforcement and validity of the settlement agreement, the district court was well within its discretion in refusing to permit appellants to amend their pleadings to allow consideration of this claim.
 
 
 15
 In sum, because the validity of the march 29, 1979, settlement agreement between the parties was fully litigated in the state court, we find that there is no material issue remaining to be decided in this case and affirm the district court's grant of summary judgment to the appellees.
 
 III.
 
 16
 Under the terms of the settlement agreement, the appellees were under no obligation to transfer the stock or assets of Chemical Formulators or to verify the stockholder's equity of the company until the Kincaids performed their financial obligation. The Kincaids repudiated the settlement agreement on July 2, 1979, and failed to tender either the second installment of $150,000 or the promissory note for $225,000 due on September 29, 1979, under the terms of the agreement. In fact, the Kincaids do not claim to have tendered performance on the agreement until August 6, 1986, during the pendency of this appeal. Furthermore, the Kincaids did not act to protect their interest under the agreement which they could have done when performance was due by taking possession of the company and bringing suit for the alleged breach of warranty that they now complain about. See Shreve v. Casto Trailer Sales, Inc., 149 S.E.2d 238, 243 (W. Va. 1966). Nearly eight years have elapsed since the time when performance of the remaining terms of the settlement agreement was due. In that time, appellees relinquished control of Chemical Formulators, the assets of the company were liquidated, and the Kincaids retook possession of the premises and set up a new company under another name.
 
 
 17
 West Virginia law provides that the decision to order specific performance of an agreement ordinarily "rests within the sound discretion of the court, to be determined from all the facts and circumstances of the case. Brand v. Lowther, 285 S.E.2d 474, 479 (W. Va. 1981). Specific performance is, however, an extraordinary remedy and does not lie where performance is impossible. Id. Although we are reluctant to overturn a district court's order of specific performance, in the case before us, the parties agree that performance of the terms of the agreement at this time is impossible. We must thus vacate that portion of the district court order requiring that the parties specifically perform the terms of the agreement.
 
 
 18
 Although impossibility of performance will preclude a remedy of specific performance, it does not prevent an award of damages to the aggrieved party. See Brand, 285 S.E.2d at 483. The Kincaids unsuccessfully sought to set aside the settlement agreement. They cannot now, after the suit was dismissed and they retook possession of the company's premises, seek to avoid performance of their obligations under the agreement. . Establishing the value of Chemical Formulators as of September 1979 is now impossible. The appellees' damages are best reflected by the price negotiated and freely agreed to by the parties in their settlement agreement as the value they placed on transferring control in the company and settling the lawsuit. Therefore, we affirm the district court's award of $150,000 in damages to appellees and remand with directions to award the appellees the additional amount of $225,000 with appropriate interest in place of the five year promissory note which would have matured in 1984. This amount reflects the appellants' obligation, due on September 29, 1979, under the terms of an agreement whose validity has been fully and fairly established.
 
 
 19
 The judgment of the district court is affirmed in part, vacated in part, and remanded for entry of judgment in accordance with this opinion.
 
 
 
 *
 Appellee FDIC succeeded to the claim and interest of third party defendant Allen. Allen assigned his stock in Chemical Formulators, Inc. to Hamilton Bank and Trust of Georgia as security for a loan. Hamilton Bank and Trust has gone into receivership and the title to its assets passed to the FDIC